BENJAMIN WELCH *vs.* HIRAM S. BEERS & another.

If the owner of land which is subject to a mortgage conveys a portion thereof the value of which is more than sufficient to pay the mortgage debt, with a provision in the deed that the purchaser shall assume and pay the whole of the same, and afterwards conveys the residue of the lot with the understanding that the mortgage is to be paid by the former purchaser, and the mortgagee subsequently takes a new mortgage upon the portion of the lot first conveyed, with notice, the purchaser of the second lot may maintain a bill in equity to redeem the same without contribution towards the debt secured by the first mortgage.

BILL IN EQUITY to redeem land from a mortgage. Upon agreed facts, which are sufficiently stated in the opinion, the

bill was dismissed, and the plaintiff appealed to the whole court.

*B. Dean & S. H. Folsom*, for the plaintiff.

*W. P. Harding*, for the defendants.

HOAR, J. This case differs in only one respect from that of *Bradley* v. *George*, 2 Allen, 392; and this is rather a difference in form than in principle. The defendant Mrs. Prescott holds a mortgage of $500 upon the whole tract of land, and has taken possession for the purpose of foreclosure. Subsequently to the making of that mortgage, the mortgagor conveyed a part of the land, with the agreement recited in the deed of conveyance that the grantee should, as a part of the consideration, assume and pay the whole mortgage. Afterward the mortgagor conveyed the remainder of the land to the plaintiff in fee, not covenanting against the mortgage, but with an express understanding that the mortgage was to be paid in full by the previous purchaser. Mrs. Prescott has now become the mortgagee of the first part, by a new mortgage for $1200; and it is conceded by the counsel, though not expressly found in the statement of facts, that the value of that part is much more than sufficient to pay the $500 mortgage.

In *Bradley* v. *George*, the first conveyance of a part of the land by the mortgagor, after the mortgage of the whole, was by a deed of warranty; and the mortgagee of the whole afterward took another mortgage of the remaining part. It was held that the deed of warranty exempted the land described in it from contribution to payment of the mortgage, as between the mortgagor and his grantee; and that neither the mortgagor himself, nor any person claiming title under him to the remaining part of the land, with notice, could claim such contribution. The right of the mortgagee, as such, to enforce the security against the whole mortgaged premises was not questioned. But if the mortgagee became also owner of the equity of redemption of that part of the land which, as between the mortgagor and his grantees, was chargeable with the whole amount of the mortgage, then in this latter capacity equity would require him to make the exemption of the other effectual, if it could be

made so consistently with the full satisfaction of his mortgage.

In the case at bar, the exemption of the plaintiff's part of the land from contribution does not arise from a deed of warranty to him, leaving the whole burden to rest on the other part, but from an express annexation of the whole to the other part by contract, before the plaintiff purchased. Mrs. Prescott took a mortgage of the equity of redemption of the part to which the payment of the whole original mortgage belonged, with full notice of the arrangement; and the reason on which the decision in *Bradley* v.. *George* is founded would therefore seem to be fully applicable. The deed of warranty of a part does not of itself directly create a lien on the remainder for the amount of the mortgage; but equity recognizes the contract of the mortgagor as binding upon any subsequent purchaser who acquires a title with knowledge of his grantor's agreement. See *George* v. *Kent*, 7 Allen, 16.

The general doctrine is established in *Chase* v. *Woodbury*, 6 Cush. 143, and has been recently fully considered, with an examination of many of the authorities, by the supreme court of New Hampshire, in the case of *Brown* v. *Simons*, 44 N. H. 475.

*Decree according to the prayer of the bill.*