WHEELER v. ERIE RAILWAY COMPANY, appellant.

*Railroads — defective fences. Negligence.*

To render a railroad company liable under Laws 1850, chap. 140, and 1854, chap. 282, for killing animals escaping through a railroad fence, temporarily out of repair, actual or constructive notice of such want of repair must be brought to the company, and its neglect to repair within a reasonable time shown.

In an action against a railroad company for killing some sheep and a heifer, it was shown that the part of the fence through which the sheep escaped was

known to the company to be out of repair before the escape, but there was no evidence that the fence was out of repair where the heifer escaped before such escape. *Held*, that the company was liable for the sheep but not for the heifer.

APPEAL from the judgment of a county court affirming the judgment of a justice's court in favor of the plaintiff for $56 damages, for the loss of some sheep and a heifer which strayed through a railroad fence of defendants on to defendant's track and were killed by defendant's trains. The necessary facts appear in the opinion.

*O. W. Chapman,* for appellant.

*A. More,* for respondent.

BOARDMAN, J. A literal reading of the statute (Laws of 1850, ch. 140, and 1854, ch. 282), requiring railroad companies to build and maintain fences along the sides of their tracks would make the railroad companies absolutely liable for all stock escaping and killed upon their tracks when such fences are not in good repair, irrespective of the question of negligence on the part of the company, or wrong or negligence on the part of the owner. It has, however, been repeatedly decided that such literal construction ought not to be given, and the rule is now established that any temporary defect must be brought to the notice of the railroad company, and after such notice it must neglect to repair within a reasonable time, whereby cattle stray upon the road and are killed. This notice may be actual or positive, as when directly given to the proper agent of the railroad company, or it may be constructive, as when the defect is patent, easy to be seen, and has existed for so long a time before the damage done as to afford a reasonable presumption that the railroad company must have known of it through its agents, or else was guilty of independent negligence in not having, with proper diligence, examined the condition of its fences.

In this action, positive notice of defect was given defendant before the sheep were killed, and, by reason of its neglect to repair, the defendant was properly held to be liable to plaintiff for their value, six dollars.

The heifer escaped upon defendant's track at another place, and several weeks later. So far as appears from the evidence, no one knew that the fence, at the point where the heifer escaped, was

"not in good repair" before such escape. It is certain, therefore, that defendant had no prior actual notice of such defect, and could not be held liable upon that ground. Is there any evidence of constructive notice? Evidence of the condition of the fence at other places than where the heifer escaped is of no moment, except so far as a presumption may arise therefrom that all of the fence was in a like dilapidated condition. . The recovery can only be had for the defect where the escape occurred. There is absolutely no evidence which shows the bad condition of this fence, or any portion of it, even upon the day or hour before the heifer escaped. That some portions of the fence may have been and were probably not in good repair is to be inferred; but when or how it became so does not appear. At the point of escape, the evidence is quite as consistent with the presumption that the fence was in good repair before the heifer went through it, thereby putting it out of repair, as that the hole was in the fence beforehand. In any event, there is no evidence how long such defects had existed, nor how patent they were. The owner of the premises never knew of the defect, neither did defendant's track supervisor or track-walkers, or any of the witnesses produced by plaintiff, until after the accident.

Under such circumstances, how can negligence be imputed to defendant? Upon what principle can the defendant be held liable? How has the defendant been notified of the defects in this fence, so as to constitute it an act of neglect to not repair? Can constructive notice to defendant be presumed, in defiance of all the evidence, which shows that no one, before the accident, knew of any defect?

To hold defendant liable in such case would result in holding defendants liable in all cases where the fact of the escape of cattle furnished the sole evidence of a prior defect, for which the defendant is sought to be made liable.

It follows that there is no evidence in this case that the fence was not in good repair before the heifer escaped, and consequently there was and could be no evidence of actual or constructive notice to defendant of such defect. Without such evidence, upon the authorities, the defendant was not guilty of negligence, and without negligence the defendant could not be made liable. The burden of proof is upon the plaintiff to establish negligence. *Murray* v. *N. Y. C. R. R. Co.*, 4 Keyes, 274; *Sherman* v. *West. Trans. Co.*, 62 Barb. 158; *Tracy* v. *Troy & Boston R. R. Co.*, 38 N. Y. 433; *Poler* v. *N. Y. C. R. R. Co.*, 16 id. 476.

So far as damages were allowed to the plaintiff for the killing of the heifer, the judgment of the justice was erroneous; but damages for sheep killed were properly recovered.

For such error the judgment of the county court and of the justice's court should both be reversed with costs to the appellant, unless the respondent shall, within twenty days after notice of this decision, stipulate to remit $50 from said judgment, as of the date of the justice's judgment, in which case the judgment, as so modified, shall be affirmed, without costs to either party, in the county court or in this court

*Judgment accordingly.*