HENRY HUNGERFORD, RESPONDENT, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, APPELLANT.

*Failure of a railroad company to keep bar-ways at farm crossings in repair — it is not liable unless shown to have had notice that the bars were down.*

Upon the trial of this action, brought to recover damages sustained by the plaintiff for the killing of four horses which had, on December 14, 1885, escaped from his barn-yard and entered upon the defendant's railroad tracks, where they were killed by a passing train, it appeared that three lengths of the fence erected by the defendant along the tracks, which had been destroyed by fire in July, 1885, had not, at the time of the accident, been replaced. The plaintiff claimed, and introduced evidence tending to prove, that the horses entered upon the tracks through this burned portion of the fence. The defendant denied this and introduced evidence tending to show that the horses came through a bar-way at a farm crossing, the bars of which were shown to have been down at the time of the accident.

*Held,* that the court erred in refusing to charge, as requested by the defendant's counsel, "that if the cattle passed through the bars then the defendant is not liable," as there was no proof showing that the bars had been down for a single moment before the horses reached the bar-way, and no proof showing that the defendant had actual or constructive notice that they were down.

APPEAL from a judgment in favor of the plaintiff, entered in Onondaga county, upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Louis Marshall,* for the appellant.

*William Kennedy,* for the respondent.

MARTIN, J. :

On the 14th day of December, 1885, four young horses owned by the plaintiff escaped from his barn-yard and entered upon the defendant's railroad track, where they were killed by a passing train. The fence along the track had been burned down at one or more places, so that horses or cattle could pass through on to the track. There were also bars in the railroad fence at the plaintiff's farm crossing. Plaintiff claimed and introduced evidence which tended to prove that the horses went on to the track through this burned opening in the defendant's fence. The defendant's evidence tended to show that they came on through the bar-way at the farm crossing, and that was the defendant's claim. The principal question litigated by the parties was, where the horses entered upon the defendant's track, whether through the opening in the fence, or through the bar-way. On the trial, at the conclusion of the judge's charge, which submitted to the jury the question of the defendant's negligence, based upon the theory that the horses passed on to the track through the bar-way, the defendant requested the court to "instruct the jury that if the cattle passed through the bars then the defendant is not liable." This the court declined to do, but left the question to the jury. To this ruling the defendant duly excepted ; this exception presents the only question requiring consideration. The defendant was bound to build and keep in repair fences along the sides of its track, with gates or bars for the use of adjoining owners, at farm crossings, and such gates or bars were a part of the fence which it was bound to maintain and keep in repair. (Chap. 140, Laws 1850, as amended by chap. 282, Laws 1854 ; *Spinner* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y., 153.) Indeed, this is admitted by both parties.

The basis of this action is negligence. It was only on proof that the defendant had negligently omitted to perform some act or duty imposed upon it that the plaintiff could recover. Before he could recover on the ground of negligence, based on the fact that the horses passed on to the track through the bar-way, he was bound to prove either that the defendant had actual notice that the bars were down or that they had been down for such a length of time that the defendant might be presumed to have had notice through its agents and servants. ( *Wheeler* v. *The Erie Railway Co.*, 2 Thomp. & Cook, 634 ; *Hodge* v.

*The N. Y. C. & H. R. R. R. Co.*, 27 Hun, 394; *Olmsted* v. *Water-town & Rome R. R. Co.*, cited in *Sherman* v. *The Western Trans. Co.*, 62 Barb., 158.)   In this case there was no proof that the bars had been down for a single moment before the horses reached the bar-way, if they passed on to the railroad at that place.   There was no proof either of actual or constructive notice to the defendant of their being down.   Under this proof the plaintiff was not entitled to recover, if the horses passed on to the track through the bar-way.   The defendant was entitled to the instruction asked for, and it was error for the court to decline to charge as requested.

For this error the judgment and order should be reversed, and a new trial granted, with costs to abide the event.

HARDIN, P. J., and FOLLETT, J., concurred.

FOLLETT, J.:

Appeal from a judgment, entered on a verdict and from an order denying a motion made on the minutes for a new trial. ·

The statute requires the defendant to erect and maintain fences on the sides of its railroad, of the height and strength of division fences, with openings at farm crossings, with gates or bars therein, for the use of the adjoining proprietors. (Chap. 282, § 8, Laws 1854; 2 R. S. [7th ed.], 1604.) Defendant's railroad runs through the plaintiff's farm, for the use of which it maintains a farm crossing, reached through openings in the fences, closed by bars.   The plaintiff does not assert that defendant failed to erect fences, as required by statute, but that three lengths of fence were destroyed by fire in July, 1885, which defendant negligently failed to restore prior to December 14, 1885, when plaintiff's horses entered through the gap on to defendant's track and were killed by a passing train.

The defendant concedes its liability if the horses entered through the burnt opening in the fence, but defends upon the ground that they entered through the bar-way at the farm crossing, which was not left open through the negligence of the defendant.   Ryan, who was at the farm crossing with the plaintiff immediately after the accident, testified: "The bars were down, the south bars were shoved to the south, and the north bars to the north.   The bars were shoved right back so that the opening was clear."   Other persons were at the farm crossing immediately after the accident.   All

agree that the bar-ways were open, and no one disputes Ryan's description of the situation of the bars. From the situation the inference is, that some person, having occasion to cross the railroad, opened the bars. The plaintiff testified that he and Ryan frequently crossed the railroad through these bar-ways; that he did not know how long they had been open, or by whom they were left open, but that there was nothing to hinder any one from closing the bars. These facts are insufficient to justify submitting to the jury any question of defendant's negligence in respect to the bar-ways; and under this state of the evidence the defendant was entitled to the instruction asked for, that if the jury found that the horses entered upon the railroad through the bar-way, the defendant was not liable. (*Eames* v. *B. and W. R. R.*, 90 Mass., 151; *Hook* v. *The W. and N. R. R.*, 58 N. H., 25; Pierce R. R., 419.)

The judgment should be reversed, and a new trial granted, with costs to abide the event.

Judgment and order reversed, and a new trial granted upon the exceptions, with costs to abide the event.