(17 Misc. Rep. 131.)

SCHREIBER v. DRIVING CLUB OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   May 25, 1896.)

NUISANCE—LIABILITY FOR ACTS OF THIRD PERSONS.

The owner of land on which a drain was so constructed as to flood adjoining land is not liable to the adjoining owner, where he had no knowledge that the drain, which was constructed by a former owner of the land, was likely to cause damages to the adjoining premises.

Appeal from city court of New York, general term.

Action by Charles Schreiber against the Driving Club of New York to recover for injuries to plaintiff's land.   A judgment entered on a verdict in favor of plaintiff was affirmed by the city court (37 N. Y. Supp. 348), and defendant appeals.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wm. G. McCrea, for appellant.

Thomas F. Byrne, for respondent.

DALY, P. J.   The plaintiff has recovered damages from defendant for an injury sustained by an overflow upon his land of water drained from the defendant's premises during a heavy rainfall on May 2 and 3, 1893; and the alleged wrongful acts of defendant were—First, the digging of a trench during the rainfall, to conduct the surface water from a distant part of defendant's land to a part nearer the plaintiff's premises, so that the whole surface water of defendant's land was discharged at one point; and, second, maintaining by defendant, on that part of defendant's lot nearest to plaintiff's premises, a drain discharging a volume of water upon the neighboring premises, which there was no adequate means of conducting away safely, the drain being a source of obvious danger to adjoining lands.

The defendant's grounds were laid out as a race track and a driving park.   The ground was inclosed by a track, and was low in the easterly and westerly parts, which were divided by a high plateau. An outlet for the surface water of the westerly meadow was formerly through a culvert under the track at about that point, but this had been closed by a grading of the street outside of the track. When the surplus water from the heavy rainfall referred to accumulated in that meadow, the defendant caused a ditch to be dug, to drain it down to the easterly portion of defendant's land.   It was claimed by plaintiff that the digging of this ditch was one cause of the overflow upon his land; but defendant insisted that the ditch was not dug until after the plaintiff's premises had been inundated, and this contention is warranted by the evidence, for there is no proof that the ditch was commenced before May 3d, at which time plaintiff's premises were covered with water which had flowed from the easterly part of defendant's premises.

As to the overflow from the easterly part of defendant's premises through the drain maintained by defendant, the facts are insufficient to warrant a recovery in this action, because the drain in question was not constructed by the defendant, but by a prior owner or occupant of the land; and defendant cannot be made lia-

ble to the plaintiff for an injury caused by such drain without proof that it was a nuisance, and that the defendant had notice or knowledge that it was likely to cause damage to the plaintiff's premises; and there was no such proof in this case. The drain in question had been constructed when the former owner diverted the course of a small brook or creek, the direction of which the drain substantially followed, to the southeast of defendant's premises. The dimensions of this drain were two feet by two feet six inches, and its contents were discharged outside of defendant's premises. The plaintiff's lots were to the south of defendant's premises, and the overflow was caused by the fact that there was no sufficient conduit to the public sewer for the water so discharged. A pipe had been laid by the municipal authorities from the outlet of defendant's drain to the public sewer, but that pipe was only one foot and a half in diameter; so that, if the drain discharged to its full capacity, the pipe was obviously insufficient to carry off the water, and the surplus must inevitably find its way to adjoining land. The defendant was not responsible for this construction. A former owner had laid the drain, and the municipal authorities had laid the sewer connection; and it was not shown that, at any time prior to this action, any overflow had occurred, nor that the defendant had ever had notice from the plaintiff that such an accident was likely to happen. Although the defendant was in possession of these premises for several years before the time of the accident, no rainfall had caused an overflow upon the adjoining premises; and the injury to the plaintiff which is the subject of this action was undoubtedly the result of a storm of unusual severity. While it was obvious that the sewer connection constructed by the municipal authorities would be insufficient to carry off the volume of water which the drain was capable of conveying to its outlet, there was no ground for the apprehension that any such unusual discharge of water would take place; and, without notice or knowledge that such might be the case, the defendant cannot be charged with maintaining a nuisance.

Conhocton Stone Road v. Buffalo, N. Y. & E. R. Co., 51 N. Y. 573, is a case in point. There the defendant leased and occupied a railroad built upon an embankment and bridge, constructed so as to dam a stream and produce flood and injury to neighboring premises. This embankment had been constructed by a prior owner and occupant of the road. The danger of continuing the structure was certainly as obvious as the danger of maintaining the drain on defendant's land; but the court held that defendant was not liable, in the absence of such notice or knowledge of the existence of the nuisance as to charge it with fault. It was even held that notice from the owner of any property adjacent to the plaintiff's, and exposed to like damages in case of flood, did not charge the defendant with liability to the plaintiff. The question of the necessity of notice in order to maintain an action for damages from a nuisance erected by a previous owner, before a conveyance to the defendant, in order to charge the latter, was fully discussed, and the conclusion arrived at exonerates the defendant in this case.

A motion to dismiss the complaint, on the ground that defendant was entitled to notice if any defect existed in regard to the drainage, before action could be commenced, was made at the close of the evidence, and denied, and an exception taken, which presents error for which the judgment should be reversed.

Judgment reversed; new trial ordered, with costs to the appellant in this court and the court below to abide the event. All concur.