HOLLAND HOUSE COMPANY, Respondent, *v.* WILLIAM P. BAIRD, Appellant.

NEGLIGENCE — CONSEQUENTIAL DAMAGES FOR INJURIES RESULTING FROM BLASTING NOT RECOVERABLE WITHOUT PROOF OF NEGLIGENCE.

In an action to recover damages for injuries to the vault of a building, constructed under a sidewalk, alleged to have been caused by the negligence of defendant in blasting while engaged in excavating a trench in the street in front of the building under a municipal contract providing that the blasting should be conducted in conformity with the city ordinances, where there is no evidence showing or tending to show negligence in the performance of the work and for aught that appears the injuries may have been a natural result thereof, influenced possibly in addition by some weakness in the construction of the building, a nonsuit is properly granted.

*Holland House Co.* v. *Baird*, 49 App. Div. 180, reversed.

(Argued December 10, 1901; decided December 20, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 13, 1900, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material are stated in the opinion.

*J. Woolsey Shepard* for appellant.    If the plaintiff had established upon the trial that the defendant blasted out rock adjacent to plaintiff's premises and injury was caused thereby to its property from the effects of concussion, the plaintiff was obliged to go further and prove that the act complained of was caused by the neglectful manner in which the defendant performed his blasting operations. (*Sullivan* v. *Dunham,* 3 Benj. Am. Cas. 324; *Benner* v. *A. D. Co.,* 134 N. Y. 156; *Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *Simon* v. *Henry,* 41 Atl. Rep. 692; *Sullivan* v. *Dunham,* 161 N. Y. 290.)    The work performed under the contract between the defendant and the municipality of the city of New York being one of great public importance and no trespass having been committed by the defendant, and nothing to the contrary appearing but that the work was prosecuted with care, the occupant of the vault, maintained under a license only from the said city, can have no complaint for consequential injuries caused by the prosecution of work necessary to complete improvements. (*Atwater* v. *Trustees Vil. Canandaigua,* 124 N. Y. 602 ; *Lester* v. *Mayor, etc.,* 79 Hun, 479; 150 N. Y. 578.)

*Aaron C. Thayer* and *George M. Pinney, Jr.,* for respondent.    The plaintiff made out a *prima facie* case, and the dismissal of the complaint was erroneous. (*Mullen* v. *St. John,* 57 N. Y. 567; *Jones* v. *U. Ry. Co.,* 18 App. Div. 267 ; *Hogan* v. *M. Ry. Co.,* 149 N. Y. 23; *Griffen* v. *Manice,* 166 N. Y. 188; *Benner* v. *A. D. Co.,* 134 N. Y. 156; *Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *French* v. *Vix,* 143 N. Y. 90; *Stallman* v. *N. Y. S. Co.,* 17 App. Div. 400.)    There is no merit in the suggestion made by defendant's counsel that the plaintiff did not have sufficient title to the premises to authorize it to recover for damages done to the vault wall. (Dillon on Mun. Corp. [4th ed.] § 656b.)

Gray, J.    The plaintiff is the owner of the Holland House, a hotel building situated on the southwest corner of Fifth ave-

nue and Thirtieth street, in the city of New York. By the complaint in this action, the defendant is charged with a failure to exercise due care, and with being negligent, in the blasting of rock, while engaged upon the work of excavating a trench for the laying of water pipes in Fifth avenue; whereby a vault of the building, constructed under the sidewalk, was damaged in an amount specified. The answer of the defendant put in issue these allegations. Upon the trial of the issues, a contract was first put in evidence, which was made in August, 1896, between the municipality and the defendant for the laying of water mains on the west side of Fifth avenue, from Eightieth street to Fourth street, and which provided, among other things, for blasting to be conducted in conformity with the city ordinances upon the subject. The defendant admitted having done the work under this contract. After this proof had been made, the plaintiff, then, called three witnesses to show the occurrence in August, 1897, which caused the injury complained of. The first witness was a barber, employed in a barber shop in the vault in question, and he testified that during August, 1897, " while the trench was being dug on Fifth avenue " he " heard a good many sounds as of blasting " and that, on a certain day, he " heard a heavy shock; " but he could not remember the day. He then proceeded to describe the damage resulting to the interior of the vault. The next witness was a brush-boy in the barber shop; who testified that during August he heard the noise of the blasting there and that he " heard one sound that impressed itself on his mind; it was a big blast." He could not recollect the particular day. The third witness was the proprietor of the barber shop; who testified that " when the contractor came alongside of the Holland House, on Fifth avenue, the blasting made a rumbling noise  \*   \*   \*  but one day there was a terrific blast and it shook the front of the house," and he proceeded to describe the damage that was done to the walls, fixtures, or plumbing, etc. After these witnesses, several other witnesses were examined upon the subjects of the damage appearing within the vault, of the repairs made and of their cost. None of the witnesses

identified the defendant as the contractor, or as causing the
blasts; nor did any witness give any testimony locating, or
describing, any work in which the blasting was being done.
Then a civil engineer was examined as a witness, who gave
his experience in the work of blasting for the purpose of
excavations and stated how such blasting work was usually
done by explosives. In substance, it was that the amount and
character of the explosives necessary for such work and the
depth of the holes would vary with the nature of the work to
be done. They would be influenced by the surrounding con-
ditions, the width of the trench and the quality of the rock,
whether soft or hard. He was asked the question: "Assum-
ing that you had to do blasting in a street in front of a
ten-story building, and there being a vault wall a few feet
away from this trench that was being dug, where it was
necessary to blast, could you, in your opinion, so adjust the
size of the charge that no damage would be done to the
vault wall? Whether that could ordinarily be done?" He
answered, "I think so." He said that he knew nothing about
the quality of the rock, which was blasted in front of the Hol-
land House, and had never seen the trench. At the close of the
plaintiff's evidence, the court, remarking that it was necessary
for the plaintiff to go further and to show just how the work
was done, so that it might appear that it could have been
done in a way to have avoided these concussions, dismissed the
complaint "on the ground that there is not sufficient evidence
to sustain the allegations of the complaint, no negligence
having been proved." The judgment entered upon the non-
suit was reversed by the Appellate Division, and a new trial
was ordered, and the only question upon this appeal, of
importance, is with respect to the correctness of the ruling by
the trial court.

It might be observed, in the first place, that the plaintiff's
evidence was very defective upon the question whether the
blasting, which caused the damage, was done by the defend-
ant; and that was the view taken by dissenting judges at the
Appellate Division. While it was conceded by the defendant

that the work called for by his contract with the city had been performed, it was nòt made to appear by direct proof that, at the time of the injury to the plaintiff's premises, which was a year after the making of the contract, he was still engaged upon the work, or that he, or his employés, were doing any blasting at that point, or elsewhere in the neighborhood. But, assuming that it was incumbent upon the defendant to show that the contract had been terminated, and that he was not engaged upon its performance at the time, and that the jury might infer from the meagre and unsatisfactory evidence that the contract work of excavation was going on, what evidence is there of any negligence in its performance? The defendant was engaged upon a lawful work, under a contract with the municipality, where blasting was contemplated as being necessary and as to which a provision was inserted, requiring it to be done in conformity with city ordinances directing the methods and the precautions to be taken. This was not a case of a technical trespass upon the property of another, where proof of negligence in the defendant is unnecessary, (*Hay* v. *Cohoes Co.*, 2 N. Y. 159; *St. Peter* v. *Denison*, 58 ib. 416), but one of consequential injury, where proof of negligence in performance is essential to a cause of action for damages. (*Benner* v. *A. D. Co.*, 134 N. Y. 156; *Booth* v. *R., W. & O. T. R. R. Co.*, 140 ib. 267.) In the *Booth Case*, (*supra*), the plaintiff's house was seriously injured by blasting, in the course of the work of depressing the defendant's roadbed, through the jarring of the ground, or the concussion of the atmosphere, created by explosions, or by both causes combined. Chief Judge ANDREWS delivered a very careful opinion, in which he observed that " mere proof that the house was damaged by the blasting would not alone sustain the action. It must further appear that the defendant, in using explosives, violated a duty owing by him to the plaintiff in respect of her property, or failed to exercise due care. Wrong and damage must concur to create a cause of action." Lately, in *Sullivan* v. *Dunham*, (161 N. Y. 290), where the case was different in its facts, being that of an injury to a person walking on the high-

way, occasioned by a blast upon adjacent lands, Judge VANN, in delivering the opinion of the court, considered the distinction between such a case and the present one, and upon the authority of the *Benner* and *Booth Cases*, (*supra*), observed that "when the injury is not direct, but consequential, such as is caused by concussion, which, by shaking the earth, injures property, there is no liability in the absence of negligence."

The rule of law must, therefore, be considered as well settled in this court that negligence is essential to be proved in such a case as this of consequential injury, in order to create any liability in the defendant. Now there is nothing in the evidence showing, or tending to show, the fact of a negligent performance by the defendant of what blasting was rendered necessary in the execution of his contract. Indeed, the evidence is so vague upon the subject that it is not certain whence the blast or blasts, of which the witnesses speak, came. If it may be inferred that the defendant was excavating upon the west side of Fifth avenue, it does not appear where, or how wide, the trench excavation was; or what was its distance from the wall of the vault. The manner of the construction of the vault, whether well or slightly built, is not shown. Nor is there anything to show, considering the circumstances, that the blast was of any extraordinary character, or that its violence was manifested in external ways upon the street. The engineer's evidence throws no light upon the subject; except so far as to give information of a general character, as to how blasting should be conducted under certain circumstances of environment. He knew nothing of the facts of the case and the hypothetical question which he answered was not made pertinent, for the want of any evidence establishing, or tending to establish, the facts upon which it was predicated. It was a matter of conjecture, purely, whence the blast came, which occasioned the damage to the property; what was the nature of the trench, or what the quality of the soil in which the work was being done; or whether the defendant, in conducting the necessary blasting, failed to observe the ordinances of the city upon the subject and neglected to use such

care as was incumbent upon him with respect thereto, or to the adjacent property. In short, for aught that appears, the defendant may have taken all those precautions incumbent upon him, in the performance of such a work, and, nevertheless, the damage may have happened to the plaintiff's building as a natural result, influenced, possibly, in addition, by some weakness of construction.

That a vibration of the earth, or of the atmosphere, is the invariable accompaniment of an explosion, is a fact of universal observation, or knowledge, and to make that a source of liability, which may be an ordinary result of a lawful work, requires that it shall be made to appear that the explosion was unnecessarily violent and carelessly prepared for, having regard to the place and the surroundings. The failure on the part of a defendant to observe some duty of care, or precaution, owing to the plaintiff, generally or specifically, will constitute negligence and will give rise to a cause of action for resultant injury; but it should be established by the evidence, directly, or upon clear inferences from the facts. It cannot rest upon conjecture simply.

I am unable to perceive any error in the disposition of the case, which was made by the trial court. There was nothing in the plaintiff's evidence, which required the defendant to negative, by evidence upon his part, the charge of negligent conduct.

For these reasons, I think that the order of the Appellate Division should be reversed and that the judgment entered upon the dismissal of the complaint, at the Trial Term, should be affirmed, with costs in both courts.

PARKER, Ch. J., HAIGHT, LANDON, CULLEN and WERNER, JJ., concur; O'BRIEN, J., not voting.

Ordered accordingly.