(77 App. Div. 424.)

FINKELSTEIN v. HUNER.

(Supreme Court, Appellate Division, First Department. December 19, 1902.)

1. NUISANCES—MAINTENANCE — ADJOINING LANDOWNERS — INJUNCTION — DAMAGES.

Where defendant purchased property on which was a closet and cesspool, which defendant maintained in such a defective condition that plaintiff's wall, immediately adjoining, was injured, and plaintiff was otherwise damaged, plaintiff was entitled to an injunction restraining the continuance of the nuisance, and to recover damages sustained thereby.

2. SAME—PRIVATE NUISANCE.

The maintenance of a defective closet and cesspool in a building adjoining plaintiff's property, by which a part of plaintiff's wall was destroyed and his premises rendered untenantable, constituted a private nuisance.

3. SAME—REQUEST TO ABATE.

No request to defendant to abate such nuisance was necessary, to entitle plaintiff to sue to restrain its continuance, and for damages sustained thereby.

4. SAME—NOTICE TO DEFENDANT.

Where, in an action for nuisance, there was no evidence that the nuisance existed before defendant became the owner of the premises, proof of notice to defendant of the existence of the nuisance was not required.

O'Brien and Laughlin, JJ., dissenting.

Appeal from special term, New York county.

Action by Jacob Finkelstein against Anna G. Huner. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

James A. Gray, for appellant.

J. Friedman, for respondent.

PATTERSON, J. The plaintiff is the owner of premises No. 43 Jefferson street, in the borough of Manhattan, city of New York. The defendant, as she states in her answer, is, as executor of and trustee under the will of Frederick Huner, deceased, the legal owner and in possession of the building and premises known as No. 41 Jefferson street, and adjoining the plaintiff's property. The plaintiff claimed and proved at the trial that the defendant maintained on her premises, contiguous to the rear of the northerly wall of the plaintiff's house, a water-closet, the cesspool of which was broken, rotten, and leaky; that, by reason of the improper and defective condition of the cesspool, large quantities of water leaked, and, at the time the action was brought, continued to leak, through the wall of the plaintiff's building, and into the basement thereof, and made the wall "weak, rotten, unsafe, and dangerous," so that it had to be taken down, and another brick wall built, replastered, and painted; that the floor of the basement of plaintiff's building had been considerably damaged, and that by reason thereof such basement became unfit for business purposes, depreciated in rental value, and was for a long time vacant, and plaintiff lost and will lose considerable rent; and that foul smells have been and are emitted from the water-closet, to the great annoyance and discomfort of the plaintiff and his tenants who reside in the building aforesaid. The action was brought for an injunction to restrain the defendant from maintaining in its imperfect condition the cesspool upon her premises, and for damages for the injuries sustained by the plaintiff. The answer contains the admission of the defendant of the ownership above mentioned; denies, upon information and belief, plaintiff's ownership of his premises, and also denies all the allegations in the complaint respecting the alleged maintenance of the imperfect cesspool and privy upon her property; and alleges that the plaintiff has an adequate remedy at law.

On the trial the evidence adduced was sufficient to authorize the court to make the decision that was made,—in substance, that the allegations of the complaint were true; that the defendant did maintain upon her property the privy and cesspool in such a defective condition that the water from the cesspool leaked through the plaintiff's wall, and injured it, and flowed into his premises, with the consequences alleged in the complaint. In addition to those findings, the court, upon evidence, ascertained and fixed the amount of the damage which the plaintiff sustained by reason of the wrongful and negligent maintenance by the defendant of the privy and cesspool in its defective condition. Upon the decision of the court, a final judgment was entered, restraining the defendant from continuing to maintain the appurtenance to her property mentioned, in its defective condition, and awarding the plaintiff a small sum of money for his damages.

The action, both for an injunction and the recovery of damages, is supported by what was held in Davis v. Tower Co., 171 N. Y. 336, 64 N. E. 4, 57 L. R. A. 545. The right to the recovery of damages based upon the negligence of the defendant in maintaining the privy and cesspool in its improper condition, so that damage occurred to the plaintiff, is supported by Holland House Co. v. Baird, 169 N. Y. 136, 62 N. E. 149; Jutte v. Hughes, 67 N. Y. 267; Davis v. Tower Co., supra. The existence of the defective appurtenance to the defendant's premises, under the circumstances disclosed in this record, amounted to a private nuisance. It was not necessary to prove a request to the defendant to abate it. Conhocton Stone Road v. Buffalo, N. Y. & E. R. Co., 51 N. Y. 573, 10 Am. Rep. 646.

The point of the defendant's having knowledge or notice of the existence of this nuisance before action brought is not involved in this case, for there is no evidence to show that the water-closet and cesspool were a nuisance before the defendant became the owner of the premises. Notice is only necessary when the nuisance itself existed before the person sought to be charged with its continuance became the owner of the premises. Conhocton Stone Road v. Buffalo, N. Y. & E. R. Co., supra.

The judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

O'BRIEN, J. (dissenting). It has been repeatedly held, where injury is caused by water overflowing another's premises, that a distinction is to be noted between cases where the defendant has constructed that which causes the damage, and where he has come into possession of premises upon which it exists, and thereafter maintains it. In other words, where one constructs the thing which does the injury, his knowledge of its existence will be imputed; but the same rule does not prevail with respect to one who merely uses what he receives as an appurtenance to the premises of which he enters into possession. In the latter case it is necessary either to prove knowledge of the existence of that which produces the injury, or to prove notice, actual or constructive, before one can be charged with liability merely because he maintains it on his premises. Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am. St. Rep. 778; Conhocton Stone Road v. Buffalo, N. Y. & E. R. Co., 51 N. Y. 573, 10 Am. Rep. 646; Schreiber v. Driving Club, 17 Misc. Rep. 131, 39 N. Y. Supp. 348. The case first cited (Ahern v. Steele, supra) fully states the law, and therein the authorities on the subject were collated, and the court said:

"The owner is responsible if he creates a nuisance and maintains it; if he creates a nuisance, and then demises the land with the nuisance thereon, although he is out of occupation; if the nuisance was erected on the land by a prior owner or by a stranger, and he knowingly maintains it; if he has demised premises, and covenanted to keep them in repair, and omits to repair, and thus they become a nuisance; if he demises premises to be used as a nuisance, or for a business, or in any way so that they will necessarily become a nuisance. In all such cases I believe there is now no dispute that the owner would be liable. * * * A grantee or devisee of premises upon

which there is a nuisance at the time the title passes is not responsible for the nuisance until he has had notice thereof, and in some cases until he has been requested to abate the same. The authorities to this effect are so numerous and uniform that the rule which they establish ought no longer to be open to question."

And in Conhocton Stone Road v. Buffalo, N. Y. & E. R. Co., supra, it was held, as said in the headnote, that:

"In order to maintain an action for damages resulting from a nuisance upon defendant's land, where such nuisance was erected by a previous owner before conveyance to defendant, it is necessary to show that before the commencement of the action he had notice or knowledge of the existence of the nuisance."

The rule which has been formulated by the majority of the court may be more salutary and more just, but I do not feel at liberty, in view of the number of cases in which a different rule has been held, to divert from what I regard as the settled law. In recognition, therefore, of the principle of stare decisis, I dissent, and think that the judgment appealed from should be reversed, and a new trial granted.

LAUGHLIN, J., concurs.