(43 Misc. Rep. 159.)

### NECKER v. FRANK et al.

(Supreme Court, Special Term, New York County. March, 1904.)

1. NEGLIGENCE—INJURY FROM BLASTING.

In an action to recover damages to plaintiff's house from rock blasting on an adjoining lot by defendant, a contractor, it appeared that the damage did not result from any negligence in conducting the blasting, but from the then unknown fact that a seam of soft rock running under plaintiff's house existed beneath the hard surface of the rock, and that

the force of the explosion was thereby diverted obliquely through the seam, which yielded, and did not pass upward, as expected. *Held*, that plaintiff must show by a fair preponderance of testimony that the contractor could, by the exercise of proper care, have discovered the seam, and avoided the consequences resulting from the blast.

Action by Charles Necker against Meta Frank and others to recover damages for injuries caused by blasting, and for an injunction. Complaint dismissed.

Liebmann & Naumberg, for plaintiff.

J. P. Donellan, for defendants.

GILDERSLEEVE, J.   The plaintiff is the owner of a house adjoining a vacant lot belonging to the defendant Frank. The latter was having excavating work done on her said lot. On or about August 12, 1903, a blast took place in the work of excavating, which caused damage to plaintiff's house to the extent of $1,050. This blast was set off by the defendant Rich, who was in the employ of the defendant Gallick, with whom the defendant Frank had contracted to do the excavating. The defendant Rohig was the general agent of the defendant Frank. In no event would the owner, Frank, or her agent, Rohig, be liable, as the work was let out to an independent contractor; and there is no evidence to show that they in any way interfered with the same. Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914. Therefore, if the plaintiff has a cause of action here, it is against the contractor, Gallick, and it must rest upon the failure upon the part of Gallick to observe some duty of care or precaution owing to the plaintiff, which may be said to constitute negligence. Holland House Co. v. Baird, 169 N. Y. 136, 62 N. E. 149. It was the duty of Gallick to conduct the work with a cautious regard of plaintiff's rights. This, however, called for no more than reasonable care under all the circumstances. It appears from the testimony that the logs covering the blast remained in place and undisturbed after the explosion in question. The necessary inference from all the testimony is that, while the rock was hard at the surface, where the holes were started, some feet underneath there was what is called "a blind head," or bed or seam of soft rock, and that when the blast was set off the resistance of this soft rock was not sufficient to hold the gases, and bring about an upward explosion, as was anticipated, but the gases, seeking the path of least resistance, ran along this bed of soft rock underneath the plaintiff's house, and caused the injuries in question. Had the defendant Gallick discovered this seam or bed of soft rock, it would have been his duty to have so conducted the work as to have avoided the consequences that resulted from the blast. The burden was upon the plaintiff to show that, by the exercise of proper care and caution this seam or bed of soft rock could have been discovered by the defendant Gallick. It cannot be said that the plaintiff has established this fact by a fair preponderance of testimony. I think the plaintiff has failed to establish actionable negligence on the part of the defendants. Under the evidence the accident must be regarded as one that could not, by the exercise of reasonable care, have been foreseen and guarded against. As the plaintiff, however, has been absolutely free from any contribu-

tory negligence, and had good reason to bring the action and ask for an injunction, and has suffered serious damage, I think the case is one where the court, in the exercise of its discretion, should not award costs in favor of the defendants. Judgment for defendants dismissing complaint, without costs to either party as against the other.

Ordered accordingly.