## WYNNE v. BAILEY.

(Supreme Court, Appellate Term. December 12, 1907.)

EXPLOSIVES—INJURIES FROM BLASTING—LIABILITY.

    A contractor is not liable for injury to a stone wall along a street and to a lawn and hedge adjacent thereto, due to blasting necessary in grading the street, unless the blasting was negligently performed.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Explosives, §§ 9, 10.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Catherine L. Wynne against George I. Bailey. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Rufus W. Sprague, Jr., for appellant.

Davis & Kaufman, for respondent.

BRUCE, J. This is an action to recover damages to plaintiff's stone wall running along the highway and to the lawn and hedge adjacent thereto, resulting from defendant's negligence in blasting. Defendant was engaged upon a lawful work under a contract with the city in grading the street in front of plaintiff's premises. In the prosecution of the work it became necessary to remove rock which was close up to plaintiff's line. To do this, it was necessary to use blasts. There was no proof of any physical trespass. There was some evidence that a portion of the injury to the lawn and hedge was caused by the negligence of the defendant's workmen in allowing steam and oil to be discharged thereon from the steam drills used in the prosecution of the work, but there was no evidence from which it could be determined how much of the damage resulted from this cause, the action having been tried upon the theory that damage was principally caused by negligent blasting.

The rule of law is well settled that negligence is essential to be proven in a case such as this of consequential injury in order to create any liability in the defendant. Holland House Co. v. Baird, 169 N. Y. 136, 141, 62 N. E. 149. The trial justice, however, laid down the broad proposition that no affirmative proof of negligence was necessary. In this he was in error.

The plaintiff produced no evidence tending to establish negligent performance by the defendant of the blasting necessary in the prosecution of this work.

At the close of plaintiff's case, the defendant moved to dismiss the complaint upon the ground that there was no proof of negligence on the part of the defendant. This motion was denied. This was error. The evidence thereafter offered by the defendant tended to establish that the work was performed in a careful and prudent manner, and no evidence was offered in rebuttal.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.