## NECESSARY AVERMENTS IN AN ACTION FOR DAMAGES FROM BLASTING.

### Common Pleas Court of Hamilton County.

NANCY C. LOUDON v. THE CITY OF CINCINNATI ET AL.

#### Decided, March, 1911.

*Pleading—Action for Damages Resulting From Blasting—Allegations of Negligence in the Use of Explosives Necessary.*

An action will not lie for damages resulting from the use of explosives in making an excavation, unless negligence is alleged.

*E. H. Williams, P. A. Reece* and *A. B. Huston,* for the plaintiff.
*E. M. Ballard* and *J. B. Frenkel,* for the City.
*J. W. Heintzman* and *Smith Hickenlooper,* for the W. J. Gawne Co.

SWING, J.

This cause is submitted to me upon demurrers to the amended petition. The city of Cincinnati files a demurrer, the board of trustees, commissioners of water works, files a demurrer, and all the defendants, including the W. J. Gawne Company, file a demurrer, "jointly and severally."

I will not enter into a full statement of the case. It is claimed by the plaintiff that she can maintain the action for damages without alleging negligence, and she relies upon the decision of our Supreme Court in the cases of *Tiffin* v. *McCormick,* 34 O. S.,

638, and *Bradford Glycerine Co.* v. *St. Marys' Mfg. Co.*, 60 O. S., 560.   It is not necessary for me to discuss the decisions in those cases with a view to determine whether they support plaintiff's case or not;  because, as I understand, our circuit court has held in another suit brought by Sarah Armstrong against the City et al, for similar injuries to those alleged here, in which negligence was alleged, the defendants being the same as in this case (12 C.C. [N.S.], 76), that those decisions do not apply to such a case as this, where negligence is not alleged.   In that case the trial judge charged the jury as to the degree of care necessary in the use of explosives, "the highest degree of care in their use."   It is said in the opinion of the court, page 78 :

"Counsel for plaintiff in error (the plaintiff below) contend that this charge is erroneous for the reason that the use of explosives by any person does not depend upon the question of care, and as support of this question of care, and in support of this contention, rely upon the two cases of *Tiffin* v. *McCormick*, 34 O. S., 638, and *Bradford Glycerine Co.* v. *St. Mary's Mfg. Co.*, 60 O. S., 560."

The court then proceed to distinguish the two cases relied upon and hold that they do not apply to the case then before the court.   They hold that "it is not negligence *per se* to use explosives for blasting," that is, that negligence must be alleged and proved, and therefore it is not error for the court to charge as to the degree of care necessary.   It is claimed before me that the decision in the Armstrong case does not govern in this case, because in that case negligence was alleged, while it is not alleged here.   But the claim made in the circuit court that it was not necessary to prove negligence, and the court held that it was necessary, not because it was alleged, but because the use of explosives is not *per se* negligence and does not in the absence of negligence create liability.   The court quote the case of *Holland House* v. *Baird,* 169 N. Y., 136, where they say :

"It was held that injury to another's house by a mere concussion without throwing rocks or other material on the premises, occasioned by blasting on one's own premises, in order to adapt them to a lawful use, when that mode is the only proper one, *and the work is transacted with due care and diligence, creates no liability.*"

The circuit court then say as to that decision:

"The language of the court in this last case is applicable to the present, in that this action is not one of technical trespass upon the property of another, where proof of negligence in the defendant is unnecessary, but one of consequential injury, where proof of negligence in performance is essential to a cause of action for damages."

This decision of our circuit court is binding upon this court.

There is another decision of our circuit court that may be applicable, at least to the city and the board of water works commissioners, viz., *Cincinnati* v. *Renner*, reported in 13 C.C. (N.S.), 407.

In the view I take of the law as held by our circuit court, I feel bound to sustain the demurrer to the amended petition.