# THE

# MISCELLANEOUS REPORTS

OF THE

# STATE OF NEW YORK.

COMMENCING MAY, 1917.

---

LENA K. NEWMAN and ARTHUR NEWMAN, Respondents,
*v.* BRADLEY CONTRACTING COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1917.)

Contracts — actions founded on — pleading — damages — negligence — municipal corporations — evidence — rules.

After plaintiff has rested his case as it stood when submitted, the court, upon allowing an amendment changing the cause of action, should direct the service of an amended complaint and give defendant opportunity to serve an answer thereto.

Under a contract for the construction of a subway an agreement with the contractor to pay for damages to the foundations, walls or other parts of adjoining buildings relates only to such parts of the building as are below the street level and refers to interference with or direct damages to those structures.

Where plaintiffs rely upon a cause of action founded on a contract to which they are not parties, but that, as claimed, was made for their benefit, they are not entitled to recover except upon proof of demand upon defendant to make good the damage and of its refusal so to do.

Where a city is engaged in making a public improvement neither it nor the contractor is liable for purely consequential damages to adjoining property unless the proof shows they were the direct result of negligence.

Where by the terms of a contract for a public improvement the contractor expressly admits that if the work be done without fault or negligence on his part there will be no danger to the foundations, walls or other parts of adjacent or overhead

1

buildings and that he will make good any damage that shall in the course of construction be done thereto without regard to any negligence on his part and that he will be solely responsible for all physical injuries to persons or property occurring on account of or during the performance of the work and will indemnify the city for all claims for damages on account of such injuries, such provisions of the contract, being to indemnify the city against damage claims, do not entitle the owner of the property damaged to sue thereon.

The rule of law permitting a person for whose benefit a contract is made, but who is not a party thereto, to sue thereon, is applicable only where the relation of debtor and creditor or some equitable situation exists, and does not permit a property owner to sue the contractor under a contract for a public improvement under a provision thereof whereby he indemnified the city against claims for damages for which neither he nor the city would otherwise be liable.

APPEAL by defendant from a judgment rendered in the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of the plaintiffs for the sum of $504.85, in a trial before the court without a jury, and from an order permitting the plaintiffs to serve a substituted amended complaint.

Frederick L. C. Keating (Joseph A. Corbett of counsel), for appellant.

Bennett E. Siegelstein (William L. Stone, of counsel), for respondents.

COHALAN, J.  Plaintiffs have recovered a judgment awarding them damages in the sum of $468.85, against the defendant by reason of purely consequential damages suffered to their property, No. 802 Lexington avenue, by reason of the construction by the defendant of the Lexington avenue subway.  The complaint is drawn upon the theory of negligence, and the trial proceeded upon that theory.  After the trial was com-

pleted and while the matter was *sub judice,* and before judgment, the plaintiffs moved to substitute and amend the complaint without prejudice to the proceedings had, and to conform the pleading to the proof already taken. In the amended complaint, the plaintiffs alleged an action on contract. The defendant opposed this motion, but it was granted without costs.

After the case had been submitted and the plaintiffs had rested upon the case as it stood, if the court allowed an amendment changing the cause of action, it should have directed the service of a pleading with an opportunity to the defendant to interpose such defenses in an answer as it saw fit; the orderly administration of justice required this, and, if the amendment were granted changing the cause of action, it should have been done only upon terms.

Moreover, we feel that a new trial should be granted for the reason that the items of damage which have been proved are entirely apart from the so-called promise of the defendant, which it is assumed was made in favor of the plaintiff, since the terms " foundations, walls or other parts " did not permit of proof of the items of damage, which the plaintiff has given and gave in support of an action of negligence, and not of contract. Under the doctrine of *ejusdem generis,* which applies to the construction of contracts, as well as statutes, the ultimate term is controlled in its extension to the terms of narrower significance, which constitute the primary terms of the clause. *Matter of Robinson,* 203 N. Y. 380, 386; *Matter of Aylesworth* v. *Phoenix Cheese Co.,* 170 App. Div. 34, 36; *Lantry* v. *Mede,* 127 id. 557. The clauses in the contract cited simply related to such parts of buildings as are below the level of the street, and refer to interference with or direct damage to these struc-

tures, these being the character of structure or parts of the houses, with which the contractor is likely to come in contact and concerning which the contract dealt.

The plaintiffs rely upon a cause of action founded in a contract to which they were not a party, and contend that the promise of the defendant to the city of New York, as shown in the contract, gives rise to a cause of action in their favor, because of the failure of the contractor to make good his damage, and the cases suggesting such a cause of action are *Smyth* v. *City of New York*, 203 N. Y. 106, and *Congregation, etc.,* v. *Bradley Construction Company*, N. Y. L. J., March 13, 1916 (not officially reported). If such a cause of action exists plaintiffs have failed to show that they made any demand upon the defendant to make good the damage, or that the defendant refused to make good such damage, and for this reason likewise the judgment should be reversed.

But there is a broader phase to this question, which has not been touched upon in the briefs of counsel, and that is the question as to whether or not the clause in the contract gives rise to any cause of action in favor of a plaintiff situated such as are the plaintiffs herein. The question arises as to whether there is a promise in this contract for the benefit of a third party, or whether it is a mere clause agreeing to indemnify the city of New York, of which the plaintiffs may take no advantage. It has been settled in this state for a number of years that for purely consequential damages, where public improvements are being prosecuted, a property owner may have no recovery in the absence of negligence. *Holland House Co.* v. *Baird*, 169 N. Y. 136; *Booth* v. *Rome, Watertown & O. T. R. R. Co.*, 140 id. 267; *Benner* v. *Atlantic D. Co.*, 134 id. 156; *Lester* v. *City of New York*, 79 Hun

479; affd., 150 N. Y. 578; *Atwater* v. *Trustees of Canandaigua,* 124 id. 602; *Derrick* v. *Kelly,* 136 App. Div. 433; *French* v. *Vix,* 143 N. Y. 90; *Page* v. *Dempsey,* 184 id. 251; *Gordon* v. *Ellenville & Kingston R. R. Co.,* 195 id. 137.

In a word, where the injuries are consequential, proof of negligence in the performance of the work is an essential element to a cause of action for damages.

In *Holland House Co. v. Baird, supra,* the court said: " The defendant was engaged upon a lawful work, under a contract with the municipality, where blasting was contemplated as being necessary and as to which a provision was inserted, requiring it to be done in conformity with city ordinances directing the methods and the precautions to be taken. This was not a case of a technical trespass upon the property of another, where proof of negligence in the defendant is unnecessary (*Hay* v. *Cohoes Co.,* 2 N. Y. 159; *St. Peter* v. *Denison,* 58 id. 416)."

It is unnecessary to cite further these cases because they are well known, and the rule has been universally applied in a long line of cases in this state somewhat similar to the case at bar. It is sufficient to cite one statement of the rule in a recent decision in the Court of Appeals. In *Page* v. *Dempsey,* 184 N. Y. 251, the court said: " Where the injury involves no trespass upon the plaintiff's premises, but is due solely to concussion, causing great disturbance, jarring and vibration of the earth and air, the plaintiff to maintain an action to recover damages must prove that the work was performed in a negligent and improper manner."

Of course the principle is the same, whether the jarring, vibration or disturbance was caused by blasting or was caused by the ordinary work of excavation and the taking out and putting in of materials.

In this case the work of the defendant was done for the city; it had the authority of the government, and, as long as it kept within the limits thereof, it did not become liable for consequential damages, for, although the work was being done here by a private corporation, it stood in the place of the city, and was entitled to all of the immunities and privileges which the city itself would be entitled to were it performing the work. *Conklin* v. *New York, Ont. & W. R. R. Co.*, 102 N. Y. 107; *O'Reilly* v. *Long Island R. R. Co.*, 15 App. Div. 79; *Carr* v. *Degnon Contracting Co.*, 48 Misc. Rep. 531.

In the case of *Conklin* v. *New York Ont. & W. R. R. Co., supra,* it has been held that, when work of this character is being done under public authority, the person performing the work " becomes for the time and at the place the constituted public authority to make the restoration; and if it does so with reasonable prudence and skill encounters no greater liability than would attend the same change if made by the usual public authority."

It is clear, therefore, that under the authorities, in the absence of any contract provision or agreement to compensate, the defendant could not be held liable, and was entitled to all the immunity which the city itself would have were it doing the work, and that it would only be held liable for a direct injury, and not for an indirect or consequential injury.

We come, therefore, to consider the claim advanced that the contractor here agreed with the city — in form and in substance sufficient — to permit a third person, the plaintiffs herein, to sue it upon the covenant relied upon. The principal covenants relied upon are as follows:

" Article XLV. The Contractor expressly admits and covenants to and with the City that the plans and

Misc.] Appellate Term, First Department, May, 1917.

specifications and other provisions of this contract, if the work be done without fault or negligence on the part of the Contractor, do not involve any danger to the foundations, walls or other parts of adjacent or overhead buildings or structures or surfaces; and the Contractor will at his own expense make good any damage that shall, in the course of construction, be done to any such foundation, walls or other parts of adjacent or overhead buildings or structures or surfaces. The liability of the Contractor under this covenant is absolute and is not dependent upon any question of negligence on his part, or on the part of his agents, servants or employees, and the neglect of the engineer to direct the Contractor to take any particular precautions, or to refrain from doing any particular thing, shall not excuse the Contractor in case of any such damage.''

'' Article XLVII. The Contractor shall be solely responsible for all physical injuries to persons or property occurring on account of and during the performance of the work hereunder, and shall indemnify and save harmless the City from liability upon any and all claims for damages on account of such injuries to persons or property and from all costs and expenses in suits which may be brought against the City for such injuries to person or property; it being distinctly understood, stipulated and agreed that the Contractor shall be solely responsible and liable for and shall fully protect and indemnify the City against all claims for damages to persons or property occasioned by or resulting from blasting or other methods or processes in the work of construction, whether such damages be attributable to negligence of the Contractor, or his employees or otherwise.''

And in support of the cause of action, which they claim these provisions of the contract give to a third

person not a party to the contract, plaintiffs cite *Smyth* v. *City of New York,* 203 N. Y. 106, and the defendant in its brief refers to the decision in the case of *Congregation, etc.,* v. *Bradley Construction Company, supra,* wherein, construing these various conditions of the contract and relying upon *Smyth* v. *City of New York,* and *Rigney* v. *N. Y. C. & H. R. R. R. Co.,* 217 N. Y. 31, the learned justice there writing reaches the conclusion that a cause of action might exist in favor of property owners under the first above quoted provision of the contract.

It is our view that the covenants found in the cases relied upon are to be clearly distinguished from the covenant in the contract at bar. In *Smyth* v. *City of New York, supra,* the covenant relied upon was the following: '' The contractor shall be responsible for all damage which may be done to abutting property or buildings or structures thereon by the method in which the construction hereunder shall be done, but not including in such damage any damage necessarily arising from proper construction pursuant to this contract or the reasonable use, occupation or obstruction of the streets thereby.''

It was because of the separation of that provision of the contract from the contract of indemnity in the McDonald contract, which was the original contract for the construction of the first subway in the city, that the court found that the agreement to indemnify the city against damage and the agreement to be responsible for damages to abutting property were '' independent and different covenants or agreements on the part of the contractor,'' and because of their independence the court applied the rule laid down in *Lawrence* v. *Fox,* 20 N. Y. 268, allowing a third party to maintain an action on a contract against the promisor where the contract was made for his benefit

and some obligation or debt to the third party rested upon the promise.

In the present case the contract made and entered into between the city of New York and its contractors has been modified to avoid the rule of the *Smyth* case, and instead of having independent covenants the covenants are interdependent — and taking them all in all they amount simply to a covenant to indemnify the city and upon such a covenant a third party can have no suit.

The second covenant cited above sets out that the contractor is liable for physical injuries and agrees to indemnify the city from liability "for all such injuries to persons or property." Clearly this is a covenant of indemnity, and unless there is a further covenant, which gives rise to a cause of action, none can exist here upon this clause of which the city alone may take advantage. But reliance is placed upon the provisions that the contractor will "make good any damage." Scan as one will the covenants quoted, there is no provision there, which is the equivalent of a promise to pay, as there was in the *Smyth* case, or as there was in the case of *Rigney* v. *N. Y. C. & H. R. R. R. Co., supra.* In the latter case the provision of the contract is to be found in this excerpt from that opinion: "The contract between the city and the railroad company contains on the part of the defendant a covenant that in the event of any damage resulting to any person or property from the work done, 'including damages resulting from change of grade of street, being approaches to said bridge, it will pay and liquidate the same at its own expense and assume the liability therefor.' By referring to the provisions of the contract hereinbefore set forth which contains this clause, it will be found that it amounts to more than a covenant to indemnify the city. It is in addi-

tion an assumption of liability for damages which might result to any person from carrying out the contract for the bridge."

That contract provided that the railroad company would " pay and liquidate," and " assume the liability therefor." Of course such language expressed more than a mere agreement to indemnify.

The covenants of this contract are to be read together in order to see what the parties intended, and reading them together it is clear that this contract has been modified from the old form of contract and the provision first above quoted merely refers to an approval of the plans as involving no danger. This clause was doubtless inserted by the city officials as a wise precaution to overcome the effect of the rule (see *Mullins* v. *Siegel-Cooper Co.,* 183 N. Y. 129, 136) which would hold the city liable where the work itself created the danger irrespective of the manner of doing it, and required the contractor to assert that the work did not involve a danger, so that, if it were subsequently held that it did, the city could hold the contractor upon this covenant and the agreement to make good the damage. This was merely an agreement of indemnity with the city for " all physical injuries to persons or property."

Furthermore, it is to be noted in the *Smyth* case that the damages were based upon a nuisance, and of course all results from a nuisance are considered direct damage. That case was appealed from a dismissal of the complaint, and the evidence therein showed that some of the damage was a direct trespass and an actual invasion of the hotel property by things thrown against it.

In the *Rigney* case the damages were change of grade damages which directly damaged the property.

It would seem to us to be straining the language of

these covenants to apply the principle announced in the *Smyth* and *Rigney* cases, and in the absence of any direct promise the plaintiff is without remedy. Nor are the ordinary conditions under which a promise for the benefit of a third person is enforced to be found in this case. The principle announced in *Lawrence* v. *Fox, supra,* is only applied where the relation of debtor and creditor or some other equitable situation exists.

Indeed this distinction is borne in mind in the *Rigney* case. It is there shown that there was an existing equitable situation. In the case at bar it has already been shown that there could be no liability for consequential damages. There was apparently no intention on the part of the city in this contract to impose liability for purely consequential damages. Since there was no legal debt, there could arise no equitable situation, and in the circumstances equity would follow the law. The equity of the contractor, who was performing this important public work, was as equal as the equities of the owner of the abutting property.

In the absence of a clear promise to pay these damages, since the cause of action is founded in a contract to which the property owner was not a party, the court should be circumspect not to write into that contract an obligation which the parties themselves never contemplated or intended.

It follows that the judgment and order should be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

GUY and DELEHANTY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.