(17 App. Div. 402.)

## CROSS v. KOSTER.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

NEGLIGENCE—DANGEROUS PREMISES—WHO LIABLE.
    Plaintiff was injured while walking along the street by the falling of a piece of terra cotta gargoyle from a building. The owner had employed defendant to decorate the building with flags and bunting, and he had completed the decoration two days before the accident. Afterwards, but before the accident, the contractor for the erection of the building, who was still in possession, it being unfinished, placed ropes and fastenings on the portions covered by the decorations. It did not appear whether such ropes interfered with the decorations or were attached to the gargoyle which broke, but there was evidence that the decorations flapped in the wind, that one of them blew up, and, when it came down, the piece of gargoyle fell. *Held*, that there was no evidence of negligence on the part of defendant.

Appeal from trial term, New York county.

Action by Nora Cross, an infant, by her guardian ad litem, against Charles H. Koster. The complaint was dismissed, and plaintiff appeals. Affirmed.

This action is brought to recover damages for personal injuries sustained by plaintiff through the falling of a piece of terra cotta ornamentation from the front of a building in West Fourteenth street, caused, as alleged, by the faulty, careless, and negligent manner in which the defendant had decorated the front of said building with flags and bunting. On June 3, 1895, the plaintiff was walking through Fourteenth street, and on passing said building something fell from above, and struck her on the head. This, it was shown, was a piece of terra cotta ring, of about a foot in diameter, placed in a lion's mouth, and forming part of a gargoyle on the seventh or eighth story of the building. One Ballington Booth was the owner of the building involved. A contractor named Jeremiah C. Lyons erected the building, and did all the work in its construction, and was in possession and control of the building for the purposes a builder requires; it not being fully completed at the time of the accident. Booth and Lyons were originally made parties defendant, but the action was subsequently discontinued as to both of them, and continued against the defendant Koster alone. As to him, it appears that prior to the accident he was employed by Booth to decorate the front of the building with flags and bunting, which he did, and completed his work, and left the premises on June 1st, which was Saturday,—two days before the accident. Between Saturday, June 1st, and the hour on June 3d when the accident happened, persons in the employ of the contractor, Lyons, placed ropes and fastenings over portions of the building covered by the decorations; but whether such ropes and fastenings interfered with the decorations or not is not made clearly to appear. It was not shown that any of the ropes or fastenings were attached to the ring which subsequently fell, and there was evidence which tended to show that certain of the decorations "were flopping all over the building"; that the bottoms of the flags and bunting were fastened, some loose and flapping; and that one of these large decorations flew up with the breeze, and when it came down brought with it this terra cotta ring, which had been cemented into the lion's mouth with Portland cement. Upon these facts the court dismissed the complaint, and it is from the disposition thus made that the appeal is taken.

Argued before RUMSEY, WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Samuel Campbell, for appellant.

Theron L. Carman, for respondent.

O'BRIEN, J. There is no dispute as to what caused the injury, and the single question presented is as to whether the defendant is the one responsible. If, as against him, we draw the inference most favorable to the plaintiff,—that the ring was detached by the bunting or flags, which, caught by the wind, were, as expressed by some of the witnesses, "flopping all over the building," and, catching in the ring, brought it down, and thus injured the plaintiff,—there is still lacking in the proof a necessary link. The defendant had no control of the building, and had no right to enter it except for the purpose of fulfilling the contract of decorating. When the accident happened, he had done this work, and gone away, and it is not shown that he was on the premises, or in the neighborhood, for two full days prior thereto. His entering the premises after he had completed his work, unless with the permission of the owner or contractor, would have been a technical trespass; and this is adverted to merely for the pur-

pose of showing that for what happened subsequent to his completing his contract with the bunting he could not be held responsible. The evidence was directed to showing the condition of the bunting on the day of the accident,—not the manner in which it was put up, or how it was fastened or arranged at the time when the defendant completed it; and as we have the evidence that men in the employ of the contractor, by adjusting ropes and fastenings, may have interfered to some extent with the decorations, it cannot be assumed that the condition of the bunting and flags was the same on the day when the accident occurred as it was when the defendant completed his work. We have not only the evidence of interference by the contractor's men, but also the further evidence that on the day of the accident there was a strong breeze blowing, which to some extent may have accounted for the "flapping" of the bunting and flags. Upon these facts, the rule which the appellant has invoked, of res ipsa loquitur, is not applicable. Wherever that doctrine has been applied, and, from the mere happening of the accident to a passer upon the public street, a prima facie case held to have been made out, it will be noticed, on reading the cases, that it always was against one who was in control or possession of the premises, building, or property involved. How far this rule might be applicable as against the owner or contractor, we should not intimate or determine, in view of the voluntary action of the appellant in discontinuing as against them; it being sufficient for the purpose of this appeal to determine whether a prima facie case of negligence as against this defendant was made out, and which justified its submission to the jury. Considering the relation of the defendant to the building at the time of the accident, and for the other reasons stated, we think the disposition made by the learned trial judge was right.

The judgment should therefore be affirmed, with costs. All concur.