### PAPAZIAN v. BAUMGARTNER et al.

(Supreme Court, Appellate Term. January 17, 1906.)

1. NEGLIGENCE—RES IPSA LOQUITUR.

The rule of res ipsa loquitur applies, so that a presumption of negligence is raised, where a piece of stone out of a window sill, 20 feet above the sidewalk, falls and injures a person on the sidewalk.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 218.]

2. SAME—EVIDENCE.

The presumption of negligence from the falling of a piece of stone, out of a window sill 20 feet above the sidewalk, on a person on the walk, is overcome, there being no evidence that the building was in a condition of general disrepair, or that the stone sills were broken or cracked, by evidence that defendant lessee had no actual notice that any of the stone work was so cracked as to be dangerous, that the occupant of the room from which the window opened had frequently for five years washed off the sill and never seen any crack or evidence of weakness, that the fracture indicated a recent break, and that, though a person two days after the accident saw from the sidewalk cracks in the sill, one employed to paint and renovate the front of the building had shortly before the accident examined the sill from the sidewalk, and discovered no crack or break.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Malcolm Papazian against Jacob Baumgartner, impleaded, with others. From a judgment for plaintiff, said defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Henry L. Rupert, for appellant.

Mark Alter, for respondent.

SCOTT, P. J. The plaintiff, passing along the street in front of a house of which appellant was lessee, was stricken and injured by a piece of stone which fell from appellant's building. It appears that the stone was broken off from the under side of a window sill about 20 feet above the sidewalk. The case was tried without a jury, and the justice in rendering judgment for the plaintiff must have found that the defendant had been guilty of negligence.

We are disposed to agree with the respondent's counsel that under the circumstances the case is one calling for the application of the rule, "res ipsa loquitur," and that the accident itself, happening as it did, creates a presumption of negligence on the part of defendant. The application of this rule, however, does not enlarge the measure of his liability to exercise due care in the maintenance of his building, nor does it impose upon him the obligation of showing precisely

what cause produced the accident. All that he is required to do is to show that he fulfilled his duty and exercised that degree of care which the law exacts from him. He is bound to exercise reasonable care to see that his building does not fall into such a condition of disrepair as to make it dangerous to others, and to repair such defects, calculated to produce damage, as may be brought to his notice, or which would have come to his knowledge if he had exercised reasonable care in inspecting the building. There was no evidence in the case that the building was in any condition of general disrepair. There was evidence that it needed painting in order to make it presentable, but none whatever that the stone sills were broken or cracked. It is certain that the appellant never had any actual notice or knowledge that this particular window sill, or any part of the stonework, was so cracked as to be dangerous. It is true that he had never made more than a general inspection of the front, but it appears that he would have discovered nothing if he had made a more particular inspection. The tenant of the room out of which the window opened had been such tenant for five years, had frequently washed off the sill, and had never seen any crack or evidence of weakness. The painter who was employed to repaint and renovate the front of the building had examined the sill from the street, 20 feet below, and had discovered no crack or break, and from the testimony it appeared that the fracture indicated a recent break, and not an old crack. Hence the conclusion is compelled that no such inspection as an owner could reasonably be expected to make would have disclosed any defect justly indicating that the sill was dangerous. The evidence of a witness, who, from the sidewalk, saw cracks in the stone two days after the accident, proves nothing against the defendant. Such cracks might easily have been made by the same cause which produced the fracture, and the fact that this witness did see cracks from the sidewalk indicates that the painter who examined the sill from the same position before the accident would have seen cracks if there had been any there at that time. On the whole, it seems to me that the defendant successfully met and overcame the presumption as to his negligence resulting from the application of the rule, "res ipsa loquitur," and that he should have prevailed upon the trial. We observe that the return shows that the judgment was rendered, not only against the appellant, but also against the defendants Astor, who was not served with process and did not appear, and Clark, as to whom the action was discontinued. This, we assume, was a mere inadvertence, which, however, should be corrected.

Judgment reversed, and new trial granted, with costs to the appellant, Baumgartner, to abide the event. All concur.