### WASHINGTON v. EPISCOPAL CHURCH OF ST. PETERS.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

LANDLORD AND TENANT—NUISANCE—PERSONAL INJURIES—LIABILITY.

A landlord is not liable to one injured by falling through an elevator opening unguarded by a gate or guard, as required by the building code of the city of New York (section 91), in the absence of evidence showing a faulty condition at the time of the demise of the premises.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 629-631.]

Appeal from Trial Term, Westchester County.

Action by William J. Washington against the Episcopal Church of St. Peters. From a judgment, and from an order denying its motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Stephen O. Lockwood, for appellant.
Ira Leo Bamberger, for respondent.

MILLER, J. The plaintiff fell through an elevator opening from the basement to the subbasement of the building owned by the defendant, and brings this action to recover damages for personal injuries, alleging as the basis of negligence or breach of duty on the part of the defendant its failure to provide the gate, guards, or trapdoors required by section 91 of the building code of the city of New York. The elevator was used for the hoisting of materials from the basement or subbasement to the ground floor. Three years before the accident the defendant had leased the portion of the premises including the first floor, basement, and subbasement to a tenant, who, with its subtenants, occupied the premises at the time of the accident. The record discloses and the court charged the jury, that there was no proof that at the time the premises were demised there was a nuisance on them. The court nevertheless charged the jury that, if the defendant was receiving the rent of premises which were in an unlawful condition, it was liable for any injury resulting therefrom. It is unnecessary to consider the question discussed in the briefs, whether proof of the violation of a city ordinance furnishes proof or evidence merely of negligence, although this question seems to be settled adversely to the contention of the respondent (Knupfle v. Knickerbocker Ice Co., 84 N. Y. 488), because this judgment must be reversed for the want of any evidence tending to prove any fault or breach of duty on the part of the defendant. The defendant did not maintain this elevator, and, in the absence of evidence tending to show a faulty condition upon the demise of the premises, it owed the plaintiff no duty.

Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am St. Rep. 778; Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594. We do not understand the respondent to question this rule. Instead, he urges that the evidence warranted the conclusion that the premises were demised in a defective condition. This contention cannot prevail, in the face of the charge of the trial court to the effect that there was no such proof; and, moreover, we think the trial court was right in this respect, from which it follows that the motion for a nonsuit should have been granted.

The judgment and order should be reversed, and a new trial ordered; costs to abide the event. All concur.