(117 App. Div. 586)

## UGGLA v. BROKAW.

(Supreme Court, Appellate Division, First Department.   February 8, 1907.) ·

**1. NEGLIGENCE—DEFECTIVE BUILDING—EVIDENCE—RES IPSA LOQUITUR.**

Where a coachman, while driving a team in a city street, was struck by a part of a skylight blown from the top of an adjoining building, and sustained injuries, the incident itself was sufficient to raise a presumption of negligence under the rule "res ipsa loquitur."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 218.]

**2. NUISANCE—DEFECTIVE BUILDING—INJURY TO TRAVELER ON STREET—PUBLIC NUISANCE.**

If a building has been negligently permitted to remain in a dangerous condition, so that portions thereof could be blown into the street, it will constitute a public nuisance to those lawfully using such street.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, §§ 153–157; vol. 36, Municipal Corporations, § 1634.]

**3. LANDLORD AND TENANT—DEFECTIVE BUILDING—INJURIES TO THIRD PERSON.**

Where the owner of a defective building lawfully parted with the entire possession thereof to a tenant a long time prior to plaintiff's injury, while driving a team in the street, by being struck by a portion of the skylight blown from the building, the negligence inferable from the occurrence could not relate to the landlord's possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 668–674.]

**4. SAME—LANDLORD'S LIABILITY.**

If a building was not a nuisance, or in such a condition as to endanger the traveling public or adjacent property, or those lawfully thereon, at the time the owner surrendered entire possession thereof to a tenant, such owner would not be liable for injuries to third persons occurring through the tenant's subsequent negligent omission to make repairs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 668–674.]

**5. NUISANCE—DEFECTIVE BUILDING—INJURY TO TRAVELER ON STREET—PLEADING.**

Plaintiff was struck and injured, while driving a team in a city street, by a portion of a skylight blown from defendant's adjoining building. Plaintiff alleged that defendant was the owner of the building; that divers structures had been previously erected on the roof thereof, which structures were negligently, dangerously, and improperly constructed and insecurely laid with poor materials; that they were in an unstable and dangerous condition, and liable to be blown from the building; that defendant's attention was called to the faulty construction, but that he neglected and refused to alter or repair such structures; and that on the occasion in question with the bricks, mortar, and other building material used in constructing the same were blown from the roof, through defendant's negligence in permitting the structure so erected to be and remain in an insecure position and not properly fastened, etc., by which plaintiff was struck and injured.  *Held*, that the complaint was sufficient to sustain a recovery on the theory that the structure so maintained constituted a nuisance.

**6. SAME—EVIDENCE—POSSESSION OF PREMISES.**

In an action against the owner of a building for personal injuries by a public nuisance alleged to have been maintained by defendant, the plaintiff establishes a prima facie case by showing the nuisance, and proving, either that it was created by the defendant, or existed in such a manner that he was presumptively chargeable with knowledge thereof.

7. Same—Defenses—Act of God—Question for Jury.

Where plaintiff was injured, while driving a team in a city street, by being struck by a portion of a skylight blown from an adjoining building, and sued defendant for the alleged maintenance of a nuisance, on evidence that during the storm and about the time of the accident the wind attained a velocity of 73 miles an hour, and that the highest wind ever recorded in the weather bureau in the vicinity of the place of the accident was 83 or 84 miles per hour, it was proper for the court to submit to the jury whether the storm was of such unusual violence that the defendant, in constructing the building, was not obliged to foresee and guard against the danger incident thereto.

8. Negligence—Buildings—Construction.

It is the duty of a person constructing a building in proximity to a public street to exercise reasonable care to construct the same with such safety and security that it will withstand any storm or wind that a reasonably prudent man, familiar with weather conditions in the locality, would anticipate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 48–54.]

9. Landlord and Tenant — Construction of Building — Nuisance — Liability.

Defendant leased certain ground and a building to be constructed under the directions of the tenant, but for which defendant agreed to pay, and simultaneously executed a separate lease of the building to the tenant for a term of years. Neither the plans nor the specifications contained any definite requirements regarding the manner in which a skylight should be attached to the building, but merely provided that it should be "safely" attached. After the building had been in the possession of the tenant under the second lease for a considerable period, a portion of the skylight was blown off by a gale, and struck and injured plaintiff, who was lawfully using an adjoining street. Held, that if the skylight, when constructed, constituted a nuisance, owing to the fact that it was not safely attached to the building, the landlord was liable for plaintiff's injuries. though the building was constructed by the tenant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 685–688.]

10. Same—Burden of Proof.

Where plaintiff was struck and injured by a portion of a skylight blown from an adjoining building in possession of a tenant, and it was alleged, in an action therefor against the landlord, that the skylight as originally constructed constituted a nuisance, the burden was on plaintiff to prove that the skylight was not originally securely attached to the building, independent of the doctrine "res ipsa loquitur."

Scott and McLaughlin, JJ., dissenting in part.

Appeal from Trial Term, New York County.

Action by Charles Uggla against Isaac V. Brokaw. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

For opinion on former appeal, see 79 N. Y. Supp. 244.

Argued before PATTERSON, P, J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

Ambrose G. Todd, for appellant.

Flamen B. Candler, for respondent.

LAUGHLIN, J. The plaintiff was a coachman in the employ of Mrs. Jay. On the 21st day of November, 1900, at about 4 o'clock in the afternoon, while driving her horses attached to a carriage down

Fifth avenue, and when opposite the building at the sou
corner of Forty-Fourth street and Fifth avenue, known as "Sh
he was struck by part of a skylight blown from the top of said b
ing, and sustained injuries to recover for which he brings this acti
against the owner of the premises. Many objections to the recovery
have been urged on the appeal; but, in the view I take of the case,
it will only be necessary to consider three, which are: (1) That the
complaint is for negligence, and the plaintiff failed to establish a cause
of action upon that theory; (2) that, even if the complaint be suscepti-
ble of a construction that the action is brought upon the theory of
nuisance, the defendant is not liable; and (3) if the action be maintain-
able for nuisance, but not for negligence, the jury were erroneously in-
structed.

First. I am of opinion that the complaint is sufficient to authorize a
recovery upon the theory of nuisance. Campbell v. U. S. Foundry
Co., 73 Hun, 576, 26 N. Y. Supp. 165; Smith v. Ingersoll, 7 Misc.
Rep. 374, 27 N. Y. Supp. 907; Moody v. Mayor, 43 Barb. 282. The
question as to whether the action is for negligence or for nuisance
becomes quite important on the facts in this case, and, if it was sub-
mitted to the jury upon the theory of negligence, the verdict cannot be
sustained upon the theory of nuisance. Martin v. Pettit, 117 N. Y.
118, 22 N. E. 566, 5 L. R. A. 794. It appears that the owner had
parted with the possession of the premises, and that Louis Sherry had
been in possession under leases since the 5th day of June, 1896; and
while the owner reserved the right to inspect the premises, yet under
the lease the duty devolved upon the lessee to make all necessary re-
pairs and to indemnify the owner and save him harmless against "loss,
liability, or expense by reason of accident or injury occurring on said
premises or the sidewalks thereof, or by reason of its use." The build-
ing, from which the skylight was blown, was constructed by the ten-
ant under the first lease, pursuant to plans and specifications approved
by the owner, who, through an architect, supervised the construction;
but it was paid for by the owner and became his property. It was
finished on the 1st day of September, 1898, and from that day the pos-
session of the tenant was under a second lease, which was executed
concurrently with the first and contained the provisions to which refer-
ence has been made, and he continued in possession thereunder until
after the accident. It thus appears that the owner had been out of
possession of the premises for nearly four years and six months under
the successive leases to Sherry, who had occupied them during that
time, and that the owner had been out of possession of this completed
building upwards of two years. As Mr. Justice Ingraham observed,
in his concurring opinion on the former appeal herein:

"The rule 'res ipsa loquitur' applies, and from the incident itself the jury
are authorized to infer negligence."

See Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530; Breen v.
N. Y. C., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450; Griffen v.
Manice, 166 N. Y. 189, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St.
Rep. 630.

It may well be, also, that it would be presumed in the first instance

wner was in possession of his real property; but, when it is
that he has lawfully passed the entire possession and control
his property over to a tenant, that rule no longer obtains. See
ross v. Koster, 17 App. Div. 402, 45 N. Y. Supp. 215; Hexamer
v. Webb, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703. If the owner
were in possession, it might not be very material whether the com-
plaint proceeds upon the ground of negligence or nuisance, because,
if he were negligent, that would imply that the building had been in
an unsafe and dangerous condition for such a length of time that he
should have known or discovered it and have made the necessary re-
pairs before the accident; and, if the building had been thus negligently
permitted to remain in a dangerous condition, it would doubtless be a
public nuisance to those lawfully using the public streets. The case
would then become quite analogous to the coal hole case, where the
opening was duly authorized, and, therefore, not a nuisance, but
through failure of the landlord or tenant to keep it in proper repair it
became a nuisance, in which case the facts constituting the negligence
are the facts creating liability for nuisance. Clifford v. Dam, 81 N. Y.
52.

It is manifest, however, that where, as here, the owner has law-
fully parted with the entire possession of the building, and the same has
been in the exclusive possession of his tenant for a long time prior to
the accident, the negligence which may be inferred under the rule
"res ipsa loquitur" could not relate back to the possession of the land-
lord. See Edwards v. N. Y. & H. R. Co., 25 Hun, 634, affirmed 98
N. Y. 245, 50 Am. Rep. 659. In such case, if the owner is liable at all,
it is only upon the theory of nuisance. If the building was not a
nuisance—that is, in a condition to endanger the traveling public or
adjacent property, or those lawfully thereon—at the time the defend-
ant surrendered entire possession thereof to his tenant, he would not
be liable if thereafter, by the act of the tenant or through his negli-
gent omission to make repairs, it became dangerous and unsafe, but
in such circumstances the tenant would be liable. Washington v.
Episcopal Church of St. Peter, 111 App. Div. 402, 97 N. Y. Supp.
1072; Papazian v. Baumgartner, 49 Misc. Rep. 244, 97 N. Y. Supp.
399; Ahern v. Steele et al., 115 N. Y. 203, 22 N. E. 193, 5 L. R. A.
449, 12 Am. St. Rep. 778; Edwards v. N. Y. & H. R. R. Co., supra;
Miller v. Woodhead, 104 N. Y. 471, 11 N. E. 57; Miller v. N. Y., L.
& W. R. Co., 125 N. Y. 118, 26 N. E. 35; Odell v. Solomon, 99 N. Y.
635, 1 N. E. 408; Lansing v. Thompson, 8 App. Div. 54, 40 N. Y.
Supp. 425; Thompson on Neg. § 1155. It follows logically, therefore,
that the owner cannot be liable upon the theory of negligence in not
keeping the building in repair during the time the tenant was in exclu-
sive possession. He would be liable, however, upon the theory of nui-
sance, if he leased the premises and surrendered his possession with a
nuisance thereon which he had created, or of which he had either
actual or constructive notice, or if he retained possession in part.
Swords v. Edgar, 59 N. Y. 28, 17 Am. Rep. 295; Eakin v. Brown, 1
E. D. Smith, 36; Ahern v. Steele et al., 115 N. Y. 203, 22 N. E.
193, 5 L. R. A. 449, 12 Am. St. Rep. 778; Timlin v. Standard Oil Co.,

126 N. Y. 514, 27 N. E. 786, 22 Am. St. Rep. 845; Walsh v. Mead, 8 Hun, 387; McGrath v. Walker, 64 Hun, 179, 18 N. Y. Supp. 915; Matthews v. De Groff, 13 App. Div. 356, 43 N. Y. Supp. 237; Campbell v. U. S. Foundry Co., 73 Hun, 576, 26 N. Y. Supp. 165; Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575.

The complaint must therefore be examined to ascertain whether it sounds in negligence or in nuisance. The plaintiff alleges that the defendant was the owner of the building, that divers structures had been erected on the roof of the building "for some considerable time before and up to and at or about the time the plaintiff suffered the injury," and that they "were negligently, carelessly, dangerously, and improperly made and constructed, in that the roofs thereof were improperly and insecurely laid with a poor and inferior quality of cement or mortar, so that the said roofs and bricks of the said structures were in an unstable and dangerous condition, and liable to be blown off the roof of the said building"; that the attention of the defendant had been frequently called "to the dangerous condition of the said structures and to their faulty construction, and to the danger of the bricks and roofs thereof falling upon passers-by on Fifth avenue in front of the said building, but the defendant negligently and carelessly neglected and refused to alter or repair the said structure, or to properly secure the same, and the roofs thereof, to the said structures, and the said defendant, well knowing the premises, negligently and carelessly permitted and allowed the said structures and the roofs thereof to be and remain in an improper, insecure, and unsafe condition"; that on the occasion in question the roofs of said structures, or one of them, and the bricks, mortar, and other building material used in the construction of the said structures, or one of them, were blown from the roof of the building, "through the carelessness and negligence of the defendant in allowing and permitting the said structures so erected on the roof of the building as aforesaid to be and remain in said improper, unsafe, and insecure condition as aforesaid, and in allowing and permitting the roofs thereof to remain improperly fastened to the said structures, after he had been notified of the dangerous condition of the said structures and the roofs thereof, as aforesaid."

I am of opinion that these allegations are sufficient to authorize a recovery on the theory of nuisance. It is not necessary to expressly charge that the defendant created or maintained a nuisance. Coon v. Froment, 25 App. Div. 251, 49 N. Y. Supp. 481; Campbell v. U. S. Foundry Co., supra; Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322, 23 N. E. 389, 7 L. R. A. 262, 19 Am. St. Rep. 34; Sullivan v. Waterman, 20 R. I. 372, 39 Atl. 243, 39 L. R. A. 773. Under our system of pleading, if the essential facts are stated, it is not imperatively required that they should be characterized, although it is better to characterize them, for that tends to remove doubt as to the pleader's theory. In some instances, as already observed, a recovery might be had upon either theory, and the difference between nuisance and negligence is not very plainly marked. A structure or business may be lawful, and yet become a nuisance through negligence in the maintenance or use thereof.

See Dunsbach v. Hollister, 49 Hun, 352, 2 N. Y. Supp. 94, affirmed 132 N. Y. 602, 30 N. E. 1152; Clifford v. Dam, supra. A nuisance in many, if not in most, instances, and especially with respect to buildings or premises, presupposes negligence. The existence of a nuisance on one's premises does not conclusively establish his liability therefor, regardless of whether or not he is in possession and control thereof. If he did not create the nuisance, or knowingly maintain it, he is not liable. Ahern v. Steele, supra; Finkelstein v. Huner, 77 App. Div. 424, 79 N. Y. Supp. 334, affirmed 179 N. Y. 548, 71 N. E. 1130. Of course, if he created or participated in the creation of the nuisance, or in maintaining it, his conduct in so doing might be characterized as negligent and perhaps also as unlawful. See Finkelstein v. Huner, supra. Where liability for the nuisance is predicated upon the omission of the owner to abate the nuisance, rather than upon his having created it, then it is clear that negligence is involved.

It has often been held by the courts that it is unnecessary to prove negligence where an action is brought for nuisance, and that the exercise of ordinary care is no defense. Clifford v. Dam, 81 N. Y. 52; Sexton v. Zett, 44 N. Y. 430; Irvine v. Wood, 51 N. Y. 224, 10 Am. Rep. 603; Creed v. Hartmann, 29 N. Y. 591, 86 Am. Dec. 341; Lamming v. Galusha, 135 N. Y. 239, 31 N. E. 1024. But that is not a universal rule, and obtains only when the nuisance is the result of an unauthorized or unlawful and wrongful act, as, for instance, opening a public street without authority. The plaintiff makes out his prima facie case by showing the nuisance, and either that it was created by the defendant or existed in such manner that he is chargeable presumptively with knowledge thereof. If the defendant created it, or participated in the creation of it, his liability is absolute; but, if the charge be that he merely maintained it, then he may show that he did not create or discover it, and it could not have been discovered by the exercise of reasonable care. But, of course, he may not exonerate himself upon the theory of care in maintaining a nuisance of which he knew, because it would be his imperative duty forthwith to abate it. In many instances, it is essential to allege in some form that the act was unlawful, in order to warrant a recovery upon the theory of nuisance, as, for instance, where a public street or place has been interfered with by placing an obstruction therein, or opening or undermining the surface thereof, without obtaining a permit from the public authorities having control of the street; and in such case the liability is absolute as matter of law, unless the defendant pleads and proves a license and due compliance with its conditions, or doing any other act without a license or permit where one is required. Here, however, the claim is, not that the building was erected without a permit or the approval of the public authorities, but that it was improperly constructed or became an unsafe structure when completed. The claim is, not that it was not a lawful structure in the sense that it was constructed in violation of law, but that it was an unsafe structure. The plaintiff does not merely charge a defective condition at the time of the accident, owing to negligence in keeping it in repair, but he alleges in effect that the structure upon the roof, which blew off and injured him, was not

properly constructed or attached to the roof originally. If these allegations be true, it was a nuisance, and a recovery might be had upon that theory, notwithstanding the fact that the plaintiff characterizes the failure of the defendant to properly construct and attach the structure as negligence, and the subsequent maintenance thereof as negligence.

Second. We come now to the question as to whether the plaintiff could, in any view of the evidence, sustain his action upon the theory of nuisance, and whether it was tried and submitted to the jury upon that theory. The plaintiff, on his affirmative case, presented no evidence as to the actual condition of the skylight from which he received the injury, or as to the manner in which it was constructed or attached to the roof. He rested upon the doctrine "res ipsa loquitur." Where that rule applies, the fact of the accident and the attendant circumstances, without further proof of the cause, warrant the inference of negligence; but it is doubtful whether they alone would warrant the inference of such a negligent condition as would constitute a public nuisance, although in Vincett v. Cook, 4 Hun, 318, the court appears to have been of opinion that they do. The decision of the question, however, was not necessarily involved in that case; nor is it, I think, in this, for here, at least, the owner was not in possession. The learned counsel for the plaintiff upon the trial insisted from the outset that he was proceeding upon the theory of nuisance. After the plaintiff rested, the defendant offered evidence tending to show that the plans had been prepared by competent architects, that the contract had been let to competent builders, that the work had been performed in accordance with the plans and under the supervision of a competent superintendent, and that the building was constructed under the lease while possession was in the lessee. The plaintiff, then, in rebuttal, presented evidence showing that the skylight, which consisted of a heavy copper or iron framework and glass weighing between 1,200 and 1,500 pounds, covered an elevator shaft which projected 8 feet above the roof, the dimensions of which were 12 by 8 feet, and rested on brick walls inclosing the elevator shaft, and tending to show that the skylight was not directly attached to the roof, but only to the brick walls by iron rods or bars an inch in width and one-quarter of an inch in thickness, extending down about 18 inches or 2 feet on the inside of the walls, and about an inch of the lower ends being bent outward and projecting into the brick walls, and that this was not a proper construction, but that the skylight should have been bolted to the roof.

The evidence tends to show a very unusual condition of the weather and a most severe storm at the time of the accident; that the temperature ranged from 70 to 72 degrees between 2 and 4 o'clock that afternoon, which was the highest for that day of the year in the history of the Weather Bureau, which dated from 1872, and that between 4 and 6 o'clock there was a rapid fall in temperature to 62 degrees at 5 o'clock; that there was a high wind, at the average rate of 35 miles an hour from 2 to 3 o'clock, of 34 miles an hour from 3 to 4 o'clock, of 47 miles from 4 to 5 o'clock, and a gale of 50 miles an hour from 5 to 6 o'clock; that during the five minutes ending at 4:15 p. m. the wind attained a velocity of 73 miles an hour; that it grew very dark for that time of

day; that it was raining at the time of the accident, and the rain commenced at the Broadway Weather Bureau Station at 4:09 p. m. The records of the Weather Bureau did not show the velocity of the wind at precisely 4 o'clock, but the fair inference is that the accident occurred at about the time when the wind attained its highest velocity, and just as or after the storm reached that point. The highest wind ever recorded in the Weather Bureau for New York and vicinity was 83 or 84 miles an hour. The court submitted it to the jury to determine whether the storm was of such unusual violence that the defendant, in constructing the building, was not obliged to foresee and guard against the danger incident thereto. I am of opinion that this was a question of fact for the jury, although the case is not strong on the question of defective construction of the building such as would make it a nuisance and the wind attained or nearly attained hurricane velocity. It is the duty of those constructing buildings in close proximity to the public street to exercise reasonable care to construct them with such safety and security that they will withstand any storm or wind that reasonably prudent men, familiar with weather conditions in the locality, would anticipate might occur. Vincett v. Cook, 4 Hun, 318; Haack v. Brooklyn Labor Lyceum Ass'n, 93 App. Div. 492, 87 N. Y. Supp. 814. But, of course, they are not insurers against their building blowing or falling into the street from a storm of hurricane velocity or from an earthquake. The enforcement of these rules of law is essential alike to the safety of those using the public streets and to the protection of the rights of owners of property.

The court, in submitting the case to the jury, did not expressly submit it upon the theory of nuisance, and frequently used the word "negligence" in speaking of the claims of the plaintiff and of the duty of the defendant. But the court in this regard merely followed the complaint, and very clearly instructed the jury that, unless the skylight was improperly constructed and insecurely attached to the building originally, the defendant would not be liable. The case was, therefore, in effect submitted to the jury upon the theory of nuisance.

The learned counsel for the appellant urges that the defendant is not even liable for nuisance, because the building was constructed, not by him, but by his tenant, who was in possession. As has been seen, the rule is well settled that a landlord who leases his premises with a nuisance thereon remains liable therefor. There is another rule, equally well settled, that every one who creates a nuisance, or participates in the creation or maintenance thereof, is liable for it, even though the work was done by an independent contractor. Deming v. Terminal Ry. Co., 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521; Hawke v. Brown, 28 App. Div. 37, 50 N. Y. Supp. 1032; Duerr v. Consolidated Gas Co., 86 App. Div. 14, 83 N. Y. Supp. 714; Coon v. Froment, 25 App. Div. 251, 49 N. Y. Supp. 305; King v. Railroad Co., 66 N. Y. 185, 23 Am. Rep. 37; Weber v. Buffalo Ry. Co., 20 App. Div. 293, 47 N. Y. Supp. 7; Creed v. Hartmann, supra; Wood on Nuisances, § 113. If the skylight, when constructed, was a nuisance, owing to the fact that it was not safely attached to the building, I am of opinion that the owner would be liable. It is not a case of following plans which competent experts advised were safe, and, while the owner did not possess

special knowledge sufficient to judge for himself, in which case probably he would not be liable (Fox v. Ireland, 46 App. Div. 541, 61 N. Y. Supp. 1061; Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914; Duerr v. Consolidated Gas Co., supra; Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244), neither the plans nor the specifications contain a definite requirement with respect to the manner in which the skylight should be attached. The only requirement was that it should be safely attached. Neither side presents evidence clearly showing how it was secured to the building or roof, or who determined the matter. It cannot be decided upon this record whether it was so attached that a person of ordinary intelligence, without special knowledge or training, should have known whether it was unsafe, or whether an owner would have been obliged to rely on that point upon experts specially skilled in such matters, and whether he did in such manner and to such extent that he would be relieved from the charge of personal negligence in knowingly participating in the creation of a nuisance, assuming that to be a defense.

It is unnecessary to discuss at length the various provisions of the leases. They were both made on the same day. Under the first, the tenant was to remove the old buildings, prepare plans and specifications for the construction of the new building, which were to be approved by the owner, and to advertise for proposals for the construction thereof and make a contract in his own name; the entire expense, however, to be paid by the owner, and the tenant to pay, in addition to an agreed annual ground rental, 5 per cent. per annum on the entire cost of construction. The second lease was of the building when completed for a period of 21 years, with a privilege of two renewals for a like period; the rental being as contemplated in the first lease. The tenant took possession under the first lease and continued in possession, without surrendering possession at the expiration of the first lease and taking possession under the second. The agreement under which the building was erected expressly provided that it was to be and became the property of the defendant. An owner may, of course, rent his premises, and consent that the tenant may erect buildings thereon which shall become the property of the landlord, and, if the latter reserves no control or supervision over the work, he will not be responsible either for the negligent acts of the tenant or his contractor or the employés of the latter, either during the construction or for the safety of the plan, or for damages subsequently occasioned by the collapse of the building while he is thus out of possession. There, however, the owner reserved, to a certain extent, control with respect to the plan and the construction of the building thereunder. If a nuisance was created thereby on his own land, he participated therein. He not only authorized the erection of the building, but he approved the plan under which it was erected, supervised its erection, approved the completed structure, and paid the bills. He cannot, therefore, escape liability, if, when erected, it became a public nuisance.

Third. I am of opinion, however, that the judgment must be reversed for an error in the charge. It is manifest that, upon the theory of a nuisance, the burden was upon the plaintiff to show that this skylight was not originally securely attached to the building, and that the inference

authorized by the rule "res ipsa loquitur" would not establish, even prima facie, that the building was a nuisance when constructed. The learned trial judge on this point apparently lost sight of the fact that the plaintiff was claiming a right to recovery upon the theory of nuisance, and charged the rule of law applicable in an action for negligence. The jury were instructed that the fact that part of the skylight blew into the street raised the presumption that it was not properly secured, and that it was the duty of the defendant to meet this presumption by proving affirmatively that it was securely fastened. The learned counsel for the defendant duly excepted to this part of the charge, and I am of opinion that the exception was well taken. Since, as has been seen, the action cannot be maintained against the owner upon the theory of negligence, upon which theory alone the charge of the court would have been proper, it is manifest that the jury may have been misled upon this very vital point. There was a conflict in the evidence as to the manner in which the skylight was attached. The evidence on the part of the defendant, if believed by the jury, would have warranted them in finding that it was securely fastened, and that it gave way only owing to the extraordinary violence of a gust of wind, which the exercise of reasonable care would not have required the defendant, in the construction of the building, to have anticipated or guarded against. The burden of proof on this point, therefore, became very important, and the jury should have been instructed that it rested with the plaintiff.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

PATTERSON, P. J., and HOUGHTON, J., concur.

SCOTT, J. I concur in the reversal of the judgment, although not precisely for the reasons stated by Mr. Justice LAUGHLIN. In the first place, I consider that the complaint states a cause of action for negligence, and nothing else. It was upon that construction of the complaint that the sufficiency of the defenses were considered upon the former appeal to this court (77 App. Div. 310, 79 N. Y. Supp. 244), and the cause was tried and submitted to the jury as an action for negligence.

But, whether considered as an action for negligence or for a nuisance, the plaintiff did not show any facts entitling him to a judgment against the defendant. It was clearly shown that defendant neither built nor occupied the building. He owned the land upon which it was erected, and he leased the land to one Sherry, before the erection of the building was commenced, under a separate agreement that Sherry should erect the building and that defendant should pay the cost thereof. The only negligence charged, or attempted to be proven, is that one of the skylights upon the roof of the building was not fastened to the walls upon which it rested as securely as it might, and should have been fastened, and the claim is that this constituted negligence for which defendant is liable. In effect, the attempt to charge the defendant on the theory of nuisance is based on the same charge of negligence. A nuisance erected upon private property must be some-

thing inherently dangerous, and constructed and maintained in violation of the safety of others, or, as stated by Judge Earl:

"An unreasonable, unwarrantable, or unlawful use of one's own premises, so as to produce material annoyance, inconvenience, discomfort, or hurt to his neighbor." Campbell v. Seaman, 63 N. Y. 568, 20 Am. Rep. 567.

A skylight upon the roof of a building is not per se unreasonable, unlawful, or unwarrantable, and it cannot, therefore, be considered a nuisance, even if likely to become dangerous, unless there be proof of negligence either in its construction or maintenance. Losee v. Buchanan, 51 N. Y. 476; 10 Am. Rep. 623; Cosulich v. Standard Oil Co., 122 N. Y. 118, 25 N. E. 259, 19 Am. St. Rep. 475. It follows that, in order to sustain a recovery against the defendant upon any theory, it is necessary to convict him of negligence, and, as he has never been in possesison of the building, that negligence must be found with respect to the original construction of the skylight. It is sought to be found in the insecurity of the fastenings, and the question of defendant's liability, therefore, resolves itself into the question whether or not he is to be held to have been negligent in not discovering and preventing the use of an insecure means of fastening the skylight to the roof.

Under the contract between defendant and his tenant, Sherry, I much doubt if the former can be considered as the person who erected the building. He neither selected nor employed the architects and contractors engaged in its erection. The plans were subject to his approval; but it is not claimed that they were improper or defective, and the method of securing the skylight was a minor detail of construction not shown on the plans. The defendant is not to be held liable merely because he employed an architect, for his own protection, to see that the structure was erected according to the plans (Weber v. Buffalo R. Co., 20 App. Div. 292, 47 N. Y. Supp. 7; Duerr v. Con. Gas Co., 86 App. Div. 14, 83 N. Y. Supp. 714), nor because he paid the cost of the building. In Miller v. N. Y., L. & W. R. R. Co., 125 N. Y. 118, 26 N. E. 35, the lessee of the land built an embankment so negligently that the sand and débris were washed down upon plaintiff's land, to his injury. The cost of erecting the embankment was paid for by the lessor. In an action against the latter it was said, as might well be said of the present case:

"The lessor cannot be made liable for these damages, because it was bound under the lease to issue to the lessee its bonds for the cost of any work chargeable to construction  The work was nevertheless the work of the lessee. It did the work in its own way, and the lessor had no control thereof. In doing the work the lessor was in no way the superior of the lessee in such a sense that it was bound to respond for the acts of the lessee."

Even if defendant were to be regarded as the person who erected the building, still no case was made imputing negligence to him. The method of fastening the skylight was, as has been said, a minor detail of construction, of any defect in which it is not claimed that defendant had knowledge or notice, and of the general competency and skill of the architects and contractors no question is raised. For their default in the method of doing the work the defendant is not liable. Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914.

Upon no ground, therefore, can negligence be charged against the defendant, and, since he is not chargeable for erecting a nuisance, unless he was guilty of some negligence in respect of it, the action against him must fail under any construction of the complaint, which should have been dismissed.

McLAUGHLIN, J., concurs.