PEOPLE ex rel. DUNCAN v. CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, New York County.  May 19, 1909.)

INTOXICATING LIQUORS (§ 97*)—REBATE ON SURRENDER OF CERTIFICATE.

Under section 25 of the liquor tax law (Laws 1896, p. 67, c. 112, as amended by Laws 1897, p. 225, c. 312, § 17), authorizing the surrender of a liquor tax certificate by one who has not violated the liquor law during the year and receipt of a rebate therefor, one surrendering a certificate after the conviction of his employé during the year of a violation of the liquor law is not entitled to a rebate, whether or not the certificate holder

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was present at the time of the violation, and whether or not the violation was contrary to his express instructions.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 97.*]

Mandamus by the People, on the relation of William H. Duncan, against Maynard N. Clement, as State Commissioner of Excise, to compel payment of rebate on a liquor tax certificate. Motion to dismiss proceedings granted.

Gleason & Rooney, for plaintiff.

Herbert H. Kellogg, for defendant.

DAYTON, J. Relator moves for a writ of mandamus to compel payment of rebate on a liquor tax certificate. Respondent moves to quash the proceeding and to dismiss the petition on the ground that no cause for relief is stated. This liquor tax certificate was surrendered when $985 was due on the return thereof. At that time neither the holder nor Duncan, his assignee, had personally been convicted of any violation of, nor had either of them personally violated, any provision of the liquor tax law during the excise year for which such certificate was issued. No proceeding for the cancellation of such certificate, nor action for penalties, nor other steps were taken against the holder or Duncan by the state excise department. Payment of the rebate is withheld by reason of the conviction of an employé of the holder occurring prior to the surrender of the certificate.

The relator contends that, as the holder was not a party to the violation, which was committed against his express instructions, the right of his assignee to this rebate cannot be defeated. In addition to this, he claims that, as section 25 of the liquor tax law (Laws 1896, p. 67, c. 112, as amended by Laws 1897, p. 225, c. 312, § 17) authorizes the commissioner to withhold payment of rebate for 30 days and in the interim to take cancellation proceedings, and as no such proceeding was taken, he may not refuse this payment. If, however, the conviction of the certificate holder's employé prior to the surrender of the certificate justifies the refusal to pay, what need to consider the failure of the commissioner to take proceedings? As I read the decisions on this subject, their trend is to bind the certificate holder for violations of this statute by his servants and employés whether or not the certificate holder was present, and whether or not such violations were contrary to express instructions of the certificate holder. This construction of the statute places responsibility where it properly belongs, and upholds the enforcement of a police regulation in accordance with legislative intent.

The burden being upon the holder of a certificate to establish as a condition precedent that he has not violated any provision of the liquor tax law during the excise year for which the certificate was issued (Munch Brewery Co. v. Clement, 117 App. Div. 539, 102 N. Y. Supp. 779), and it being conceded that the employé of relator's assignor was convicted of such violation during the excise year and prior to the surrender of said certificate, the motion to quash this proceeding and to dismiss the petition herein is granted, with $10 costs.