(69 Misc. Rep. 625.)

### DELANEY v. NEW YORK POLYCLINIC MEDICAL SCHOOL AND HOSPITAL.

#### (Supreme Court, Appellate Term. December 8, 1910.)

1. NEGLIGENCE (§ 134*)—PERSONAL INJURIES — DEFECTIVE PREMISES—SUFFICIENCY OF EVIDENCE.

   In an action for personal injuries through defective premises, it is not enough to prove that the accident was possibly, or even probably, caused by defendant's negligence.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

2. LANDLORD AND TENANT (§ 167*)—PERSONAL INJURIES—DEFECTIVE PREMISES—PARTIES LIABLE.

   Where there was no evidence that defendant, the vendee of premises subject to a lease, was ever in possession of the premises, or ever saw the same, plaintiff could not recover of defendant for injuries through falling into a coal hole in front of the premises, which coal hole existed when the property was purchased.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–679; Dec. Dig. § 167.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Mary Delaney against the New York Polyclinic Medical School and Hospital. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

John R. Abney, for appellant.
Jerome Ullman, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PLATZEK, J.   This action was tried upon the theory of nuisance. It appears that on the 18th day of October, 1909, the plaintiff, while passing along the sidewalk in front of No. 345 West Fiftieth street, fell into a coal hole or chute, in front of and used in connection with the said premises, and sustained injuries.   It is undisputed that the defendant took title to the premises No. 345 West Fiftieth street on September 15, 1909, subject to a lease expiring May 1, 1910; that the lease subject to which the defendant took title was then in force, by the terms of which the lessee was to make all repairs; and that the tenant under said lease was then in actual possession of the premises. No proof was given, either as to the possession or control of the premises by the defendant at the time of the accident, or of any actual or constructive notice on the part of the defendant of any dangerous condition tantamount to a nuisance, or of any defect whatever.   It is not enough, to recover in an action like this, to prove that it was possibly or even probably caused by the negligence of the defendant.   No fault of omission or commission on the part of the defendant leading to the injury was shown, except only that it was the owner of the building, which was admitted in the answer.

In Ahern v. Steel et al., 115 N. Y., at page 209, 22 N. E. 194, 5 L. R. A. 449, 12 Am. St. Rep. 778, it is held that:

"It is not the general rule that an owner of land is, as such, responsible for any nuisance thereon.   It is the occupier, and he alone, to whom such responsibility generally and prima facie attaches.   The owner is responsible if he creates a nuisance and maintains it; if he creates a nuisance, and then demises the land with the nuisance thereon, although he is out of occupation; if the nuisance was erected on the land by a prior owner, or by a stranger, and he knowingly maintains it; if he has demised the premises and covenanted to keep them in repair, and omits to repair, and thus they become a nuisance; if he demises premises to be used as a nuisance, or for a business or in a way so that they will necessarily become a nuisance.   In all such cases I believe there is now no dispute that the owner would be liable."

When there is no proof that the owners of premises which came to them with a nuisance existing thereon without their fault were ever in possession of the premises or ever saw them, there is no possible ground for charging them with notice or imputing to them legal fault. In the case at bar there is no evidence tending to show that the defendant was ever in possession of the premises, or ever saw same.   Conhocton Stone R. v. Buffalo, N. Y. & E. R. Co., 51 N. Y. 573, 10 Am. Rep. 646; Washington v. Episcopal Church, 111 App. Div. 402, 97 N. Y. Supp. 1072; Sherman v. Western Transportation Co., 62 Barb. 150; Clancy v. Byrne, 56 N. Y. 129–134, 15 Am. Rep. 391; Woram v. Noble, 41 Hun, 398; Edwards v. N. Y. & Harlem R. R. Co., 98 N. Y. 245, 50 Am. Rep. 659; Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188, 54 Am. Rep. 672; Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857; Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575.   The weight of evidence is overwhelmingly against the plaintiff, and in favor of the defendant.

The judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.