(86 Misc. Rep. 34)

### JAWITZ v. HELLINGER.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. MUNICIPAL CORPORATIONS (§ 819*)—DEFECTIVE SIDEWALK—SUFFICIENCY OF EVIDENCE.

Upon proof of injury from stepping through the cement cover of a coal hole on premises owned by the defendant, plaintiff made out a prima facie case.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

2. LANDLORD AND TENANT (§ 167*)—DEFECTIVE SIDEWALK—ABUTTING OWNER.

Where a coal vault and shute had been constructed in the sidewalk in front of premises over 30 years, defendant as owner was liable to a person injured by stepping through the cement cover, although at the time of the accident a lessee was in possession of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–674, 676–679; Dec. Dig. § 167.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MUNICIPAL CORPORATIONS (§ 821\*)—THEORY OF CASE—QUESTION FOR JURY.
Where an action for injury from stepping through the cement cover of
a coal vault was brought both on the theory of negligence and of nuisance, and the plaintiff was not asked to elect, and made out a prima
facie case in nuisance, the dismissal of the complaint was unwarranted.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1745–1757; Dec. Dig. § 821.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Jawitz against Leopold Hellinger. Judgment for
defendant, dismissing the complaint, and plaintiff appeals. Reversed,
and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and
PAGE, JJ.

Arthur Hutter, of New York City, for appellant.

Amos H. Stephens, of New York City (James E. Turner, of counsel), for respondent.

BIJUR, J. [1] Plaintiff sued for injuries received by him January
1, 1913, from stepping through the cement cover of a coal hole on
premises owned by the defendant. Prior to the trial it had been stipulated by both counsel that there was a coal vault and shute in the sidewalk in front of these premises and that the opening was covered by a
cement cover. Upon proof of the occurrence of the accident and the
injury, plaintiff had made out a prima facie case in nuisance. Clifford
v. Dam, 81 N. Y. 52.

[2] It was also stipulated that the vault had been constructed some
30 years ago. Consequently defendant, as owner, was liable, although
a lessee was at the time of the accident in possession of the premises.
Uggla v. Brokaw, 117 App. Div. 586, 595, 102 N. Y. Supp. 857; Timlin v. Standard Oil Co., 126 N. Y. 514, 27 N. E. 786, 22 Am. St. Rep.
845. The parties had further stipulated that no written application
for a permit and no record of the issuance of a permit for this vault,
existed, thus overcoming the presumption of a permit arising out of
long continuance. Deshong v. City of N. Y., 176 N. Y. 475, 68 N.
E. 880. Plaintiff was not permitted to introduce in evidence duly authenticated copies of the ordinance showing that the permit must be in
writing. Defendant was permitted, over the objection of plaintiff that
it violated the stipulation, to prove that the vault had been completely
filled in some years ago and no longer existed. This was allowed by
the learned judge below, although he had said that he would hold the
defendant to his stipulation.

[3] Apparently the point on which the complaint was dismissed
was that no negligence on the part of the defendant had been shown;
but as the action was brought on both the theory of negligence and nuisance, and the plaintiff had not even been asked to elect, the dismissal
of the complaint was unwarranted.

Judgment reversed, and new trial granted, with costs to appellant to
abide the event. All concur.