GELB v. SILVERMAN et al.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

LANDLORD AND TENANT (§ 167*)—LANDLORD'S LIABILITY—CONTROL OF PREM-
ISES—NUISANCE.

    An owner and lessor of premises, who surrendered full possession to the
lessee and retained no control, and who under the lease was under no ob-
ligation to make repairs, was not liable to one injured by a hoist put in
by the lessee.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
668–674, 676–679; Dec. Dig. § 167.*]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Jacob Gelb, an infant, by Rosie Gelb, his guardian ad
litem, against Samuel Silverman and others. From a judgment for
plaintiff, after trial before the court and a jury, defendant Aaron Cohn
appeals. Reversed, and new trial granted.

Argued November term, 1914, before LEHMAN, DELANY, and
WHITAKER, JJ.

Nathan B. L. Cosel, of New York City, for appellant.
Isidore Lowenbraun, of New York City, for respondent.

WHITAKER, J. The action was brought by plaintiff, an infant
of the age of 11 years, through his guardian ad litem, to recover dam-
ages for personal injuries sustained by him on July 21, 1913, in the
premises 102–110 Attorney street, Manhattan, New York City, against
all of several defendants, some of whom were partners in a business,
as tenants, also the Attvington Realty Company, as lessee, and Aaron
Cohn, the owner of the premises. The said tenants defaulted. The
Realty Company and Cohn defended the action. The only party de-
fendant to appeal from the judgment is the appellant, Aaron Cohn,
the owner of the premises.

The plaintiff testified that on July 21, 1913, at about 1:30 o'clock
p. m., he was walking up the stairs leading from the ground floor to
the first flight up of the premises known as 102–110 Attorney street,
going to a school which was held on the floor, one flight up from the
street; that when walking up the stairs, and having his hand on the
banister, a large bundle of goods fell from the third floor and struck
him on his right forearm, breaking the arm. The staircase wound
around an opening, and through this opening goods were hoisted to
the various floors above. Ropes hung down from a drum at the top,
through the opening. This rigging was operated by hand.

The appellant was not in control of the premises at the time the
accident occurred. This is admitted by the plaintiff in his complaint.
Appellant's liability is therefore dependent upon the question whether,
at the time he surrendered the entire possession of the premises to
the lessee, a nuisance existed. Appellant's witness testified that the
lease was executed in 1904, and that the hoisting machine which con-
stituted the nuisance complained of was installed by witness' order

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in 1905. In ordering the hoisting machine, the witness was acting as agent for the lessee, not on behalf of the appellant. This testimony is uncontradicted. As no nuisance existed when entire possession of the building was surrendered to the lessee, and as under the conditions of the lease the owner was under no obligation to make repairs, the appellant cannot be held liable. Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857; Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am. St. Rep. 778. The judgment against the defendant Aaron Cohn should be reversed.

Judgment against defendant Aaron Cohn reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.