■ JACQUELINE C. C. KUENZLER, Respondent, v VILLAGE OF SOUTH NYACK, Defendant, and DARBY ZUMPANO, Appellant.— In an action to recover damages for personal injuries, the defendant Darby Zumpano appeals from a judgment of the Supreme Court, Rockland County (Stolarik, J.), entered January 24, 1986, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $175,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed as against the appellant.

In August of 1982, the plaintiff was driving down Piermont Avenue in the Village of South Nyack, when she noticed headlights coming toward her in her lane of traffic. She then recalls hitting her head on the steering wheel and feeling the sensation of turning over to the left. When the police arrived, the plaintiff's car was lying on its left side in the road in front of 266 Piermont Avenue, and the plaintiff was in the driver's seat, unconscious. There were apparently no witnesses to the accident.

The plaintiff subsequently commenced this action against the Village of South Nyack and Darby Zumpano, the latter being the owner of 266 Piermont Avenue, under theories of negligence and public nuisance. It was alleged, *inter alia,* that

the defendants unlawfully created and/or maintained a public nuisance in the form of a 1½-foot-high stone wall bordered by groupings of decorative wooden pilings located in front of 266 Piermont Avenue which extended into the public right-of-way, and that the plaintiff came in contact with this nuisance when trying to avoid the approaching vehicle. At the close of the testimony during the liability phase of the trial the court dismissed the complaint insofar as it is asserted against the village, and the plaintiff withdrew her negligence claim and elected to proceed under a theory of absolute public nuisance. The jury rendered its verdict in favor of the plaintiff on the basis that the defendant Zumpano continued a public nuisance by maintaining the stone wall and wooden pilings in front of his home in the public right-of-way, and that this condition was a proximate cause of the plaintiff's injuries. After the damages phase of the trial, judgment was entered in favor of the plaintiff and against Zumpano in the principal sum of $175,000. The defendant Zumpano appealed from that judgment.

A property owner who passively continues a public nuisance created by a previous owner cannot be held absolutely liable for injuries sustained as a result of that nuisance unless it is established that he had actual or constructive notice of the existence of the nuisance (see, Ahern v Steele, 115 NY 203; Conhocton Stone Rd. v Buffalo, N. Y. & Erie R. R. Co., 51 NY 573; Uggla v Brokaw, 117 App Div 586). The cases cited by the plaintiff in support of her contention that the mere continuance of a public nuisance is sufficient for the imposition of absolute liability all involve situations where the defendant had actual or constructive notice of the nuisance (see, Jorgensen v Squires, 144 NY 280; Babbage v Powers, 130 NY 281; Irvine v Wood, 51 NY 224; Congreve v Smith, 18 NY 79). At bar the plaintiff failed to adduce sufficient evidence from which a reasonable man could conclude that Zumpano either knew or had reason to know that the wall in front of his home obstructed the public right-of-way. Thus, the complaint should be dismissed.

In light of our determination we need not reach the remaining issues raised by the defendant Zumpano. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.